JOHN S. McCUNE, Respondent, v. HENRY B. BELT et al., Appellants.

1. *Bills of exchange and promissory notes — Accommodation — Parties — Liability.*—In commercial law, in the absence of a contract, the accommodation indorsers of a promissory note are not co-sureties, but are held in the order of their indorsements. As to the liabilities of parties to bills of exchange, there is but one rule known to the law. The drawer of the bill—if accepted—is bound to all other parties. Upon his default the drawer becomes obligated to the indorser, and the indorsers, if there are more than one, are bound in the order of their indorsements, and the accommodation parties to the bill should not be held to those for whose benefit it is drawn. But all the accommodation parties, as between themselves, are bound by the obligations which they assumed under the law merchant by becoming such parties.

2. *Bills and notes — Parties — Co-sureties.*—Parties to bills and notes who intend to become co-sureties, should so agree, or should all be drawers, merely, so the payee and indorser should also be drawers.

3. *Bills and notes, co-sureties — Equity — Indemnity of one inures to the benefit of all.*—It is a settled principle of equity that if one of several co-sureties subsequently takes a security from the principal for his own indemnity, it inures to the benefit of all the sureties, so far as they are co-sureties. But so far as he has a security for individual claims which he has against the same person, he is entitled to hold it.

4. *Debtor and creditor—Payments where several debts are due between the same parties, how applied.*—Under ordinary circumstances, when payments are made upon several debts, due the same person or upon a running account, the debtor making them may say upon which debt or item of account they shall apply, or, if he makes no election, the creditor may make the application; and if neither of them decides the matter, then it must apply upon the oldest or one first maturing. And if the creditor once makes the application he shall not be permitted to change it, if afterwards circumstances make it for his interest to do so. But the rules are controlled by the equities of the case.

McCune v. Belt et al.

*Appeal from St. Louis Circuit Court.*

The material facts in the case are sufficiently stated in the opinion of the court.    See also same case, 38 Mo. 281.

*Whittelsey*, and *Gantt*, for appellants.

I.  Plaintiff and defendants hold to each other the relation of co-sureties for John J. Anderson & Co., and, therefore, the plaintiff was only entitled to recover of defendants one-half of the amount paid by plaintiff upon the bill sued on.  (Dering v. Earl of Winchelsea, 1 White & T. Lead. Cas. Eq. 60 ; 1 Cox, 318 ; Lead. Cas. Eq. 60, Am. ed. 1852, pp. 100, 115, note ; Craythorne v. Swinburne, 14 Ves. 169 ; Mayhew v. Crickett, 2 Swanst. 192 ; Ramsey v. Lewis, 30 Barb. 403 ; Norton v. Coons, 3 Denio, 130 ; Stout v. Vauce, 1 Rob. 169.)    "Where successive accommodation indorsers all indorse for the accommodation of the maker, though at different times, and without communication or mutual understanding, they are, in equity, co-sureties, subject to common contribution."    (Daniel v. McRae, 2 Hawks, 590, 598, 604 ; 1 White & T. Lead. Cas. Eq., Am. ed. 1852, p. 115, notes ; Bell v. Jasper, 2 Ired. Eq. 597, 601.)

II.  The defendants, as sureties, were entitled to have the benefit of the securities deposited by John J. Anderson & Co. with the plaintiff.    (Dering v. Earl of Winchelsea, 1 White & T. Lead. Cas. 100, 102, Am. ed. 1852, pp. 68, 106, note ; Miller v. Woodward, 8 Mo. 169 ; Hayes v. Ward, 4 Johns. Ch. 123 ; 1 White & T. Lead. Cas. Eq. 119 ; Ramsey v. Lewis, 30 Barb. 403 ; Truescott v. King, 6 N. Y. 147 ; Brown v. Ray, 18 N. H. 102.).    Where a surety, before he paid the debt, took securities to indemnify himself, his co-sureties are entitled to share the benefit of the security.    If there are several demands with different co-sureties, and the security be taken generally as an indemnity, it is to be applied *pro rata* among all the demands.  (Brown v. Ray, *supra ;* Copperthwaite, v. Sheffield, 1 Sandf. 416, 452 ; Moore v. Moore, 4 Hawks, 358, 360.)    As between co-sureties, an indemnity taken by one is to be held for the

mutual benefit of all. (1 White & T. Lead. Cas. Eq., Am. notes 119, and cases cited; United States v. Amory, 5 Mas. 455; United States v. Linn, 2 McLean, 501; United States v. Wardwell, 5 Mas. 82.)

III. The payments made by John J. Anderson & Co., December 27, 1860, should have been applied to the bill then due, as the deposit account was afterward extended in full for nine and twelve months, and deed of trust taken as security. An item credited to general account must be considered as an application of it by the plaintiff to the oldest items of the account. (Allen *et al.* v. Culver, 3 Denio, 284.) The items of payment credited as on general account on March, 1861, in the account rendered Anderson in 1864, must, as to plaintiff, be considered as applying to the oldest items of the account, and the plaintiff can not, therefore, as against a surety, repudiate this order of credit. (Truescott v. King, 2 Seld. 147; United States v. Kirkpatrick *et al.*, 9 Wheat. 720; 1 Am. Leg. Cas. Eq. 135; P. M. Gen. v. Furber, 4 Mas. 333.) The payment made December 27, 1860, should have been applied to the bill then due (Cloney *et al.* v. Richardson, 34 Mo. 370), because it was a debt then payable, the deposit account having been extended in March, 1861, thus showing that it was not applicable to that account. (1 Am. Leg. Cas. Eq. 142; Ramsey v. Lewis, 30 Barb. 403.) Admitting that plaintiff was a creditor taking securities from his debtor, still he was bound to consult the interest of the sureties, and, having stated an account with the principal debtor, he can not afterwards repudiate the credits, when controversy has arisen, and attempt to make a different statement and apply the credits in a different manner. (United States v. Kirkpatrick, 9 Wheat. 720.)

*Ewing & Holliday*, and *Glover & Shepley*, for respondent.

The plaintiff and defendants were not co-sureties on this bill. "If they become sureties by successive indorsements on mercantile paper—as that is a form of contract which, in general, binds the first to indemnify the second — the law presumes that they mean to stand as they have placed themselves. (McNeilly v. Patchin, 23 Mo. 43; McDonald v. Magruder, 3 Pet. 474.) It

is not pretended that there was any agreement between the plaintiff and defendants at the time of their placing their names upon the paper. The defendants stand in no relation to the plaintiff to demand any application of payment of·the amount the plaintiff may have collected from the securities, so long as it is shown that there remains unpaid more than the amount of the bill sued on. Until the amounts received from these collaterals have made McCune whole up to within the amount of this bill, no amount received by McCune can benefit the defendants. There can be no application of payment as between these parties, because they do not stand in the position of co-sureties. McCune has the right, for his indemnification, to resort to all the securities he has. The taking by McCune, after he received these securities, of notes of Anderson & Co., at a future time, instead of allowing the debt to remain as an open account, cuts no figure here for two reasons: first, because the security was given to secure the debt, and the debt was not changed by putting it into the form of a promissory note; and second, because, rejecting these notes, McCune has not received enough on these collaterals to reimburse him for the other two drafts paid by him, and interest.

BLISS, Judge, delivered the opinion of the court.

This cause has once been before this court and is reported in 38 Mo. 281. A new trial has been had and the case is again here upon exceptions to the ruling of the court. The questions not heretofore decided are but few, and in order to understand them it is not necessary to recite the numerous instructions given and refused upon the last trial. The defendants drew a bill of exchange upon Anderson & Co. for $5,000 at sixty days, in favor of the plaintiff, which bill was indorsed by him, accepted by the drawee, and discounted at the bank. The drawers and indorser had no interest in the paper, but became parties to it for the accommodation of Anderson & Co., the acceptors. It was protested at maturity, the indorser paid it, and now brings suit against the drawer. Several questions were raised upon the second trial, which it is claimed were not decided when the case was here before.

The defendants claim that, although they are the drawers of the bill, yet as both they and the indorser are but accommodation parties, they ought to be held as co-sureties merely, and that the drawers should not be held to the ordinary liability to which they would be subject upon paper in which they were interested. Counsel have cited a number of authorites in support of their claim, but I find but one of them that even gives color to it. It is held in Daniel v. McRae, 2 Hawks, 590, that indorsers of an accommodation promissory note for the benefit of a third person, and when neither is benefitted, are to be considered as co-sureties. If this were the law, it would be reasonable to apply the rule to accommodation drawers and indorsers of bills, for their relation to each other is similar to that of successive indorsers of promissory notes. But in commercial law, in the absence of a contract, the accommodation indorsers of a promissory note are not co-sureties, but are held in the order of their indorsement. (2 Pars. on Notes and Bills, ch. 1, § 6 ; McNeilly v. Patchin, 23 Mo. 40 ; Wilson v. Stanton, 6 Black, 507.)

As to the liabilities of parties to bills of exchange, there is but one rule known to the law: the drawee, if the bill is accepted, is bound to all other parties. Upon his default the drawer becomes obligated to the indorser, and the indorsers, if there are more than one, are bound in the order of their indorsement. (Story on Bills, § 107.) This obligation may be varied by special contract. (Dunn v. Wade, 23 Mo. 207 ; Kelley v. Few, 18 Ohio, 441.) And the accommodation parties to the bill should not be held to those for whose benefit it is drawn. But all accommodation parties, as between themselves, are bound by the obligations which they assumed under the law merchant by becoming such parties. Co-securities can surely be held to contribution, and if the parties to this action held that relation, the judgment for the full amount of the bill would have been clearly erroneous. But, in the absence of any special agreement, their relation is to be determined by the instrument to which they are parties. If they intended to be co-securities, they should have so agreed, or should have been drawers merely ; or if the payee and indorser so intended, they should have been also drawers. In Ohio an early

decision made accommodation indorsers of a promissory note co-securities in acknowledged contravention of the general law, but in Williams v. Blossom, 11 Ohio, 62, the Supreme Court of that State refused to go further, and applied the rules of the commercial law to accommodation parties to bills of exchange.

The defendants also claim that the securities turned out to the plaintiff by the acceptors who had assumed obligations on their behalf, and was their creditor in the sum of $25,000, besides this bill, should be applied *pro rata* upon the obligation now in suit. This claim is without foundation.

The assignment was made for the security of the plaintiff alone, and the defendants can have no interest in it, unless it inures to their benefit by virtue of their relation to the plaintiff upon the paper. If the plaintiff and defendants were co-sureties, the property turned out to one should inure to the benefit of all, for "it is a settled principle of equity that if one of several co-sureties subsequently takes a security from the principal for his own indemnity, it inures to the benefit of all the sureties." (1 White & Tud. Lead. Cas. in Eq., 3d Am., from 2d Lond. ed., notes on p. 62, and see cases there cited.) Defendants' counsel cite many authorities to sustain the above position, but they have no application to this case unless the relation of co-sureties between the parties is first established.

But if they were not co-sureties, it may still be claimed that the plaintiff was under obligation to apply the sureties received by him *pro rata* upon the indebtedness of Anderson & Co. to him, and upon all the debts upon which he was liable on their account. The debts upon which he was liable were the bill now in suit for $5,000, an acceptance for $10,000 drawn by the plaintiff and indorsed by defendants, and an acceptance for $10,000 drawn by plaintiff and indorsed by Knapp & Co.

These two $10,000 bills the plaintiff paid, as he was bound as drawer to do. Now, if the plaintiff's relation to all these four items named in the assignment, to-wit: the three bills and the deposit—were the same, we do not say that the other parties might not require him to apply the securities *pro rata*, for that would be equality. He might perhaps not be permitted to make

arbitrary distinctions when the rights of others would be affected, and where his own rights are not concerned. But that is not this case. Four-fifths of this indebtedness upon the bill he has been obliged to pay. The assignment was to him for *his* liability, not the defendants, and there is no equity in the claim unless their liability is also his, *i. e.*, unless they are co-sureties. In Brown v. Ray, 18 N. H. 102, where a co-surety, who had taken a security from the principal, also held personal claims against him, the court held that "the indemnity furnished by the security must therefore be apportioned among the several demands, as far as the sureties have an interest in it." And again, "they (the other sureties) come in for a share of the benefit so far as they are co-sureties, upon the ground that he has taken the security for indemnity against a liability common to them all, and that it is one therefore in which they have a common interest. So far as he has a security in which they have not such interest, he is entitled to hold it, and having obtained the security, without their assistance, for his own debts, as well as the other demands, he is entitled to apply it first to his own debts."

The other questions necessary to consider were decided when the case was here before, and it is wholly immaterial so far as defendants are concerned, whether the account between Anderson & Co. and plaintiff, criticised by counsel, be correct or not, as in any event the securities did not realize enough to cover the plaintiff's claims outside of this bill.

The judgment is affirmed. The other judges concur.

BLISS, Judge, delivered the opinion of the court upon motion for re-hearing.

The defendants present their motion for a rehearing upon the ground that the court overlooked the question of the distribution of the sums realized by the plaintiff from his securities. This question was certainly not unheeded, although in the opinion no special reference was made to the third division of defendants' brief. But we considered this question and the matters argued in that part of the brief as concluded by our view of the relation held by the parties to the bill in suit, and of the rights of the

plaintiff therein. But it not being so understood, I will give more in detail the result of our deliberations.

Defendants claim that if they are not entitled to contribution, the collections made by McCune—to-wit: the proceeds of the securities turned over to him—should be first applied to the payment of the bill in suit because it first matured. Under ordinary circumstances, where payments are made upon several debts due the same person, or upon a running account, the debtor making them may say upon which debt or item of account they shall apply; or, if he makes no election, the creditor may make the application; and if neither of them decides the matter, then it must apply upon the oldest, or the one first maturing. And if the creditor once makes the application, he shall not be permitted to change it, if afterwards circumstances make it for his interest to do so. (Allen *et al.* v. Culver, 3 Denio, 284; Gass v. Stinson, 3 Sumn. 98.) But these rules are controlled by the equities of the case. (Seymour v. Van Slyck, 15 Wend. 19.)

This claim seems to have a two-fold aspect: first, that neither party made any special application, therefore the collection should apply upon the bill first due; and second, that the plaintiff, actually applied it upon said bill. If the second aspect were true, it decides the matter in favor of the defendants; but the first is based upon an entirely incorrect view of the relation of the parties and the character of the assignment. All the receipts of plaintiff were from proceeds of the claims turned out to him by Anderson & Co. to indemnify him. He does not stand in the ordinary relation of creditor, holding several claims and receiving general payments; but, on the other hand, these payments, so called, are collections upon the securities turned out to the plaintiff for *his* benefit, and the prosecution of this suit shows his intention at the time of its commencement at least to appropriate them to his own indemnity, as we have seen he had a right to do. Had there been any previous actual appropriation of any of these collections to the payment of this bill? This view is said to be sustained by an account exhibited to Anderson & Co. in 1864. In that statement the plaintiff charged them with all their acceptances under date of their maturity, with sundry other charges of

interest, etc., and the notes given him for balance of his deposits with them; and on the credit side are entered all the amounts then received upon the claims turned out to him, with interest. There is nothing in this statement to show any intention to apply the receipts upon any particular claim, and that intention can only be inferred from the fact that the bill in suit is charged as paid before the other bills, and the fact that the balance due on deposit had been put into notes. The material fact to be ascertained in this regard is plaintiff's intention; because if he decided to apply the receipts upon any particular item of charge, he is bound by that decision. But I see nothing to indicate any such intention. The account was made up at the time, the cash entries being taken from the Keokuk Packet Company's books, when the several sums were charged to him as having been paid for him, or credited him as having been received on his account. From these entries in the company's books he makes the statement, adding interest, etc., and the deposit notes. This account shows $1,779.95 to have been received March 6, 1861, and $749 February 10, 1862; and that the bill for $5,000 was paid December 22, 1860, and the two $10,000 bills January 21 and February 26, 1861. Nothing had been then received from the larger securities. It will be hardly claimed that the mere statement of payments and receipts of itself shows a design to apply the receipts upon any particular payment, so that if such application be made it must be by operation of law. But the law will not make it, because it would be in contravention of the rights of the plaintiff under the assignment, he, as we have seen, having the right, which he has not relinquished, to apply the fund upon the debts in which the defendants have no interest. If the account, as seems to be supposed by defendants' motion, was for general payments by Anderson & Co., upon their several debts, then these payments, in the absence of express appropriation, should apply upon the first debt. But they are not payments by A. & Co. in the proper sense of the term, but sums realized by the plaintiff from securities before received to indemnify him and not the defendants.

Defendants further claim that $660 were received before either of the $10,000 bills matured, and that that sum should apply upon

the first bill. Whether this claim be correct or not, it was sustained by the Circuit Court, by giving, at defendants' instance, instruction numbered 11 in the record, as follows: "11. And all sums of money paid by said Anderson to plaintiff, or realized by the plaintiff from securities placed in his hands, prior to the maturity of the bill of $10,000 due ninety days from date spoken of by the witnesses, must be applied to the bill sued upon, the plaintiff having accepted Anderson's notes at nine and twelve months for the debt due upon the deposit account," &c. The ruling upon this question having been in defendants' favor, they can not complain.

It is not to be inferred that we express any opinion upon the propriety of any of plaintiff's charges to Anderson & Co., either in relation to these bills, or upon collections or sales of securities. He is only entitled to his actual and reasonable expenses, and if, after deducting these, the securities have yielded, or shall yield, more than sufficient to pay the indebtedness upon which he has applied them the balance he must hold for the use of the defendants.

The motion is overruled. The other judges concur.