SAMUEL STILLWELL *et al.*, Respondents, *v.* JOHN HOW *et al.*, Appellants.

1. *Bills and notes — Indorsers — Co-sureties.*—In order to make successive accommodation indorsers co-sureties, there must be an express understanding or agreement to that effect between the indorsers.

*Appeal from St. Louis Circuit Court.*

*Krum & Decker*, for respondents.

*Rankin & Hayden*, for appellants.

BLISS, Judge, delivered the opinion of the court.

How, Smith, and Stillwell, in the order named, were accommodation indorsers of a promissory note made by one Bernoudy. The note was renewed several times, and at the last renewal Stillwell's indorsement, instead of being made by him was made by his partner in the name of the firm, but in the same order. This note was paid by the firm, and they now bring suit against How and Smith as previous indorsers. But the defendants claim that they should not be held in the order of their indorsement for the reason that it was the understanding and agreement between all the indorsers that they placed their names upon the paper as co-sureties, and were to be equally bound in case it was not paid by the maker. Upon this issue the case went to the jury, who found for the defendant at special term; but the judgment was reversed at general term for alleged errors in the instructions.

The court instructed the jury in substance: 1. That if the jury find that, before any indorsements were made, How declared to one of the plaintiffs his understanding that all the indorsers were to be jointly liable as sureties of Bernoudy, and no objection or protest was made, and afterward they indorsed the note

without notifying How of the manner in which they considered themselves bound, they should find for defendants. 2. That if plaintiffs and defendants indorsed the note intending to become jointly liable as co-sureties, and not according to priority, defendants are not holden.

The vice in the first instruction consists principally in the fact that it seems to call attention to the circumstances under which the last renewal was made, without reference to the previous notes. The note before the last had gone to protest, and in the absence of Mr. Stillwell, Mr. Powell, his partner, saw Mr. How in relation to it, and requested him to take it up, as the protest of Stillwell injured the credit of the house. Mr. How was willing to pay a third, claiming that that was the agreement, and was unwilling to do anything to release Stillwell. Mr. Powell made no objection to this claim, and said that he did not know in what manner Mr. Stillwell had indorsed it, and afterward placed the name of Stillwell, Powell & Co. upon the note sued on, being a renewal of the one protested. It is perfectly clear that Mr. Powell intended to assume for the firm the same obligation formerly assumed by Mr. Stillwell, and no other; and to instruct the jury that because Mr. Powell, before indorsing the note, did not object to and protest against the claim of Mr. How, he should be held to have assented to it, and to have thereby contracted to pay one-third of the note, is altogether wrong. It is true that at the last renewal a new contract in relation to the character of the indorsements might have been made, but there is no evidence that a new one was made; and if Mr. Stillwell was not holden to contribution as co-surety upon the original note, the present plaintiffs are not so holden upon the one sued on. The instruction was altogether misleading, and made the silence of a stranger to the original agreement — one who knew nothing and professed to know nothing of its terms — operate as a consent to the view of one of the parties to it, and also operate as a new agreement in accordance with that view.

The second instruction was correct, as were also those given at the request of the plaintiffs. The doctrine of the commercial law, in relation to the liabilities as between themselves, of the several

accommodation indorsers of bills of exchange and promissory notes, has been adopted and uniformly enforced by this court, and no special announcement of it is now necessary. (McNeilly v. Patchin, 23 Mo. 40; Dunn v. Wade, *id.* 207; McCune v. Belt, 45 Mo. 174.)

The judgment of the general term is affirmed and the cause remanded for a new trial. The other judges concur.