WILLIAM C. MARSHALL, Appellant, v. J. S. CABANNE, Defendant, AND VALLE REYBURN, Administrator of MORRISON, Respondent.

St. Louis Court of Appeals, March 18, 1890.

Bills and Notes. Proof that a note was negotiated by the maker of it is not sufficient to charge as a co-maker one, whose name appears on the back thereof after the name of the payee.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*William C. Marshall, pro se.*

*Virgil M. Harris,* for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This suit is founded on a promissory note, a copy whereof is as follows:

"$500.00.                    ST. LOUIS, Mo., May 5, 1888.

"Sixty days after date I promise to pay to the order of Susan P. Cabanne five hundred dollars, for value received, negotiable and payable without defalcation or discount, and with interest from maturity at the rate of ten per cent. per annum.

"J. S. CABANNE."

Indorsed on the back of the note in the order here given appear the signatures, Susan P. Cabanne, Jas. L. D. Morrison.

The petition states that Morrison is dead, and Reyburn is his administrator, and further states that Morrison, being neither the indorser nor payee of the note, for value received wrote his name upon the back of said note, and that J. S. Cabanne thereupon sold and delivered it for value, before maturity. The petition, upon this statement of facts, seeks to charge Cabanne and Morrison as joint makers of the note. The answer is a general denial.

Upon the trial before the court, the plaintiff proved that his assignor obtained the note for value, before maturity, from Cabanne, in the shape in which it at present appears. This testimony and the note were all the evidence offered by the plaintiff. The court thereupon declared the law to be that the plaintiff could not recover against the administrator of Morrison, and the plaintiff took a non-suit as to the administrator, and, after an ineffectual attempt to set it aside, brings the case here by appeal.

It will be thus seen that the simple question presented is whether, under the facts shown, Morrison became liable as a joint maker. It is well settled in this state that one who writes his name on the back of

a note, of which he is neither the payee nor indorsee, becomes presumptively liable as a maker. But, as this court held in *McEntire v. Darley*, 15 Mo. App. 583, it is not the law that one becomes presumptively liable as a maker simply because he signs his name on the back of a note without explanation. It is elementary law affecting negotiable instruments that the liabilities of parties are determined, *prima facie*, by the order in which their signatures appear upon the note, both as between themselves and as to third parties. *McCune v. Belt*, 45 Mo. 174; *Stilwell v. How*, 46 Mo. 589; *Kuntz v. Temple*, 48 Mo. 71; *Hillegas v. Stephenson*, 75 Mo. 118. The legal presumption arising from the fact that this note was negotiated by the maker, and not by Morrison, is that the payee and Morrison indorsed it for the maker's accommodation, or, as some cases imply, that the note was surrendered to the maker after indorsement, but no presumption can possibly arise from that fact alone that Morrison intended to make, or did make, another contract than the one made by him in law, to-wit, that of an indorser, by signing his name on the back of the paper below the name of the payee.

All the judges concurring, the judgment is affirmed