The BERNS BROTHERS, INC. d/b/a the Berns Co., Plaintiff-Respondent,

v.

Joann J. KELLER, Defendant-Appellant.

No. WD 36674.

Missouri Court of Appeals, Western District.

Nov. 26, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 28, 1986.

John Kurtz, Popham, Conway, Sweeny, Fremont & Bundschu, Kansas City, for defendant-appellant. ·

S.W. Longan, III, Patricia L. Lear-Johnson, Kansas City, for plaintiff-respondent.

Before TURNAGE, P.J., and DIXON, and LOWENSTEIN, JJ.

TURNAGE, Presiding Judge.

The Berns Brothers, Inc. brought suit against Jacob Keller and his former wife, Joann, for $3,498. Jacob confessed judgment and a jury trial against Joann resulted in a verdict and a judgment against her for the full amount.

The point on appeal is that the amount due was satisfied by subsequent payments. Reversed.

In 1980, the Kellers began a business of selling forklift parts. The Kellers approached Berns about purchasing parts from it and Berns agreed to sell to the Kellers with the usual terms of payment to be 30 days after delivery.

Berns established a running account for the Kellers and maintained the Kellers account in that fashion. As parts were shipped Berns noted the invoice number on the record with the charge, and a total running balance was maintained. When payments were made or credits given for returned parts, the oldest invoice was credited. The running account did not show a specific credit to the oldest invoice, but simply reduced the current balance. However, the president of Berns testified that the credit went to the oldest invoice.

The president of Berns testified that he did not know what type of business organization Keller was operating under, whether a sole proprietorship, partnership, or corporation. In May of 1981 the Kellers incorporated their business and in 1982 that company was declared bankrupt. It was only at the time of bankruptcy that Berns became aware that the Kellers had been doing business with Berns as a corporation since May 1981. The $3,498 for which suit was brought was the last charge item in the running account maintained by Berns prior to the date of incorporation.[1]

The account record of Berns indicated that on May 1, 1981, the Kellers balance was $3,698.39 and the $3,498 purchase brought the balance to $6,596.39. There-

1. There is no explanation as to why Berns did not bring suit for the full balance of $6,596.39 which existed just prior to the incorporation.

after, the account record reveals over $13,-000 in payments and credits which were applied to reduce the running balance.

Berns chose to sue on the $3,498 charge and framed its petition as if that were the only purchase the Kellers had made. However, the evidence from the president of Berns revealed the Berns method of handling the Keller account.

Berns contends that because the $3,498 charge was the last made prior to the Kellers incorporating that such charge stands alone and is not subject to the later credits. As noted, Berns was not aware of the business organization of Keller until the bankruptcy which was almost a year after the $3,498 purchase. In the meantime, Berns had maintained a running account and after the $3,498 purchase had credited the Keller account with $13,000. The account sheets of Berns reveal that the credits were entered on a single running account which leaves no doubt that the $3,498 purchase was more than satisfied by payments credited to the Keller account.

■ The rule applicable in this situation was stated in *McCune v. Belt*, 45 Mo. 174, 181 (1869). The court stated:

Under ordinary circumstances, where payments are made upon several debts due the same person, or upon a running account, the debtor making them may say upon which debt or item of account they shall apply; or, if he makes no election, the creditor may make the application; and if neither of them decides the matter, then it must apply upon the oldest, or the one first maturing. And if the creditor once makes the application, he shall not be permitted to change it, if afterwards circumstances make it for his interest to do so. But these rules are controlled by the equities of the case.

It is also stated in 70 C.J.S. *Payment* § 65 p. 270 (1951) that once credit is made and an account rendered to the debtor reflecting such application, an irrevocable appropriation is complete.

■ The evidence was undisputed that Berns applied payments to the oldest account. The account sheets of Berns further show that the $3,498 charge was in fact extinguished by payments or credits. Nowhere does Berns have an account which consists solely of the $3,498 charge upon which suit was brought. That charge was simply listed on a running account and Berns chose to apply payments in such a manner that the $3,498 charge was satisfied by payment and credits. Under *McCune*, Berns having once elected to apply payments to satisfy the $3,498 charge cannot now change when it appears that it would be in Berns' best interest to do so. There is no equity shown which would make it unjust to hold Berns to the application of payments which it had already made.

The only argument that Berns makes is that the Kellers became incorporated. However, the fact of incorporation was not known to Berns until the time of bankruptcy and the running account maintained by Berns did not reflect any particular organization by the Kellers. In fact when the Kellers went to California to talk with Berns no inquiry was made as to what type of business organization the Kellers were operating. Thus, during the time the running account for the Kellers was kept Berns did not know and apparently was not interested in the type of legal entity the Kellers were operating. The fact that the business was incorporated does not prevent the application of the rule in *McCune* because Berns was not misled by the Kellers on whether or not there was a corporation. The present suit is simply an attempt to collect a debt which would otherwise be discharged in bankruptcy. Berns admittedly gave credit sufficient to discharge the $3,498 charge. Having given credit it will not now be permitted to withdraw such credit absent the equity of the situation compelling that result. No inequity is shown to avoid application of the rule.

The evidence does not support a finding that Joann Keller was indebted to Berns and for that reason the judgment is reversed.

All concur.