**James MESSMER and Elizabeth Messmer, Respondents,**

v.

**Terry JUDEN and Ladonna Juden, a/k/a Terry Juden & Company, a/k/a Milltown Manufacturing, Appellants.**

No. 59136.

Missouri Court of Appeals, Eastern District, Division Two.

July 23, 1991.

A.M. Spradling, III, Cape Girardeau, for appellants.

Francis J. Siebert, Scott City, for respondents.

CRIST, Judge.

Defendant-employers appeal the trial court's award of $4480 to plaintiff in his suit for back wages. We affirm.

Plaintiff James Messmer worked as a carpenter for defendants for approximately five years. Defendants paid him a wage of $8.00 per hour. Viewed in the light most favorable to the verdict, the evidence indicates that on July 14, 1989, defendants owed plaintiff six weeks back pay, or $1920. Plaintiff received $640 from defendants on July 14, $320 in late July, and $960 in August, for a total of $1920. Plaintiff testified that he applied this money to the amount past due. No evidence indicates that defendants told him at the time that those amounts were for work being currently performed.

Between the end of July and the end of September, 1989, plaintiff worked nine weeks for defendants, for an amount due of $2880. Plaintiff received payments of $320 on October 8, $320 later in October, $320 on September 27, and $320 on January 26, 1991, for a total of $1280, leaving an amount due of $1600.

After September 22, 1989, plaintiff became involved in a spool manufacturing business with defendants, at the same hourly wage. During the weeks ending September 29, October 6, October 13, plaintiff was not paid for his work in establishing this business; defendants thus owed an additional sum of $960.

Plaintiff worked in the operation of the spool manufacturing business from October 16, 1989 through January 26, 1991, a total of fifteen weeks. He took a week of vacation at Christmas, and received eight weeks pay for this period. He was not paid for six weeks work, a sum of $1920.

Plaintiff also claimed overtime wages and a sum for blueprints he prepared. The trial court found defendants indebted to plaintiff in the amounts of: $1600 for the period from the end of July to late September, 1989; $960 for the weeks of September 25 to October 13, 1989; and $1920 for the period of October 16, 1989, through January 26, 1990. The court found for defendants on the issue of overtime wages and the claim for the blueprints.

Defendants' initial point on appeal is that the trial court erred in allowing plaintiff to apply the amounts received in July and August to the oldest debts owed by defendants. Defendants are incorrect. Where payments are made on several debts due to the same person, the debtor making them may specify the debt or account to which the payments will apply. *Berns Bros., Inc. v. Keller*, 703 S.W.2d 507, 509 [1] (Mo.App.1985). If the debtor fails to do so, however, the creditor may make the application. *Id.* If neither of them decides the matter, the payments must apply to the oldest or first maturing debts. *Id.* In this case, defendants do not even contend that they specified the checks were to be applied to plaintiff's current labor, but instead argue that plaintiff should have known what they intended. In the absence of defendants' specification, the trial court did not err in allowing plaintiff to apply defendants' payment to the oldest debts owed him.

Defendants' second point on appeal is that the trial court erred in not giving them credit for $640 in payments made to plaintiff. Defendants argue that the check for $320 given on October 8, and a cash payment of $320 made on October 10, should apply to two of the three workweeks ending September 29, October 6, and October 13. Defendants were given credit for these payments. Along with a $320 payment on September 27, 1989, and $320 on January 26, 1990, these amounts, totalling $1280, were used to reduce the $2880 owed for the nine weeks defendant worked from July to September.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.