### POWELL & POWELL v. THOMAS.

Where a person endorses a promissory note in blank, *not being a payee, or
endorsee,* he is equally liable with the maker of the note, and *may be
sued as an original promisor,* whether the note is negotiable like an in-
land bill of exchange or not.

Appeal from St. Louis Court of Common Pleas.

CARROLL for Appellants.

HUDSON for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

David Thomas instituted an action of assumpsit against
P. & J. Powell, on a promissory note, of which the follow-
ing is a copy :

ST. LOUIS, March 1st, 1839.
Six months after date I promise to pay to the order of
David Thomas, eight hundred and seven $\frac{61}{100}$ dollars, for va-
lue received, with interest at the rate of ten per cent. per
annum, from due until paid.

THOMAS L. FONTAINE.

On the back of the note the names of P. & J. Powell were MAY TERM. 1842.
endorsed in blank, and they were charged in the declaration
as the makers of the note. On the trial, the court below in-   Powell and
structed the jury that Thomas L. Fontaine was the party   Powell<br/>v.
originally liable on the note, and that P. & J. Powell were   Thomas.
his securities. There was a verdict and judgment for Tho-
mas, the plaintiff below, from which P. & J. Powell have
appealed to this court. The question is, whether P. & J.
Powell are to be regarded as securities to the note. This is
a case of the first impression in this court, and it must be
admitted is not without its difficulties. Cases from the Eng-
lish and American books have been cited, which show that
an endorsement like that in the present case, has been re-
garded by some courts as evidence of an undertaking of one
character, and by other courts as evidence of another and a
different undertaking. All admit that the party making the
endorsement is bound in some way, or in some event; but
a contrariety of opinion prevails as to the time and manner
of the liability attaching. Should the endorsers liability be
varied from that intended by him at the time of making the
endorsement, he must attribute the consequences to his own
neglect, as it was in his power to define his undertaking with
precision. What then is the nature of the undertaking of a
party who endorses a note in blank, payable to another ?
The position of the name on the instrument would seem to
signify that he was only to be held as endorser; but if that
was the intention, he should have been the payee of the note,
as otherwise he could not, by the endorsement, transfer the
legal interest in the note. In the case of Moris v. Bird, 11
Massachusetts Reports, 440, similar to the present one, the
court says, it was plain the defendant intended making him-
self liable in some way. Had the note been made payable to
him, negotiable in its form, the plaintiff would have been re-
stricted to such an engagement, written over the signature,
as would conform to the nature of the instrument. In such
case the defendant would have been held as endorser, and
in no other form, for such must be presumed to have been
the intent of the parties to the instrument. But this note
was not made payable to the defendant, and therefore was

MAY TERM.
1842.

Powell and
Powell
v.
Thomas.

not negotiable by his endorsement. What then was the ef-
fect of his signature? It was to make him absolutely liable
to pay the contents of the note. He puts his name upon a
note payable to another, knowing he could not be consider-
ed in the light of a common endorser, and that he was enti-
tled to none of the privileges of that character. He leaves
it to the holder of the note to write any thing over his name
which might be construed not to be inconsistent with the
nature of the transaction. The holder chooses to consider
him as a surety binding himself originally with the principal,
and he has a right to do so. If he was a surety, then he
may be sued as original promissor."

Where a per-
son endorses a
promissory
note in blank,
not being a
payee or en-
dorsee, he is
equally liable
with the ma-
ker of the
note, and may
be sued as an
original pro-
misor, whe-
ther the note
is negotiable
like an inland
bill of ex-
change, or
not.

We have taken the liberty to transcribe this passage from
the opinion delivered in the above cause, as embodying our
own views, and as containing the most reasonable interpre-
tation of the intent of the party making an endorsement si-
milar to that in the cause now under consideration. Many
other cases might be cited from the same reports, supporting
this view of the subject. See 13 John. 175.

The case of Baker and Briggs, 8 Pickering, is an authority
to show that where the contrary does not appear, it will be
presumed that the execution of the note, and the making the
endorsement, were cotemporaneous acts. The party mak-
ing the endorsement is regarded as being privy to the con-
sideration; and it will be presumed that it was taken on the
faith of the endorsement, and he will not be heard in object-
ing the want of consideration for his endorsement. This
we hold is the light in which a blank endorsement, made by
a party who is not the payee of a note, is to be regarded, if
nothing to the contrary appears. The real contract of the
parties may be shown ; but in the absence of all proof, the
foregoing are the principles by which we think courts should
be governed in determining the liability of a party who,
when not a payee or endorsee, will make a blank endorse-
ment on a promissory note. Carver v. Weaver, 5 Massa-
chusetts Rep. 546.

There being another cause before the court involving the
same question on a note negotiable, we are of opinion that

the doctrine stated above is applicable as well to notes which may be negotiable like inland bills of exchange, as to notes which are not negotiable.

Judgment affirmed.