LEWIS & BROTHERS, Respondents, *vs.* HARVEY & STEWART, Appellants.

1. A party who writes his name on the back of a note, of which he is neither payee nor endorsee, in the absence of extrinsic evidence, is to be treated as a maker of the note, whether it be negotiable under our statute or not.
2. Parol evidence, however, is admissible to show that he did not sign, as maker, but as endorser, and that such was the understanding of the parties at the time.

### *Appeal from St. Louis Court of Common Pleas.*

This was an action brought by Benjamin W. Lewis and others, composing the firm of Lewis & Brothers, against Harvey & Stewart, upon two promissory notes made by John Wilkerson, and described in the petition as payable to the plaintiffs, "for value received, without defalcation." The petition stated that the defendants wrote their names on the back of the notes before they were delivered to the plaintiffs, thereby rendering themselves liable as joint makers.

The defendants answered that they indorsed the notes at the request of George W. Hanna, whose name appeared on the back of the notes above their own, and who acted as the agent of John Wilkerson; that they had been in the habit of indorsing notes for the accommodation of Wilkerson, and when these notes were presented to them, they saw that they were payable to the plaintiffs and supposed the plaintiffs would indorse them, so that they (the defendants) would be subsequent indorsers; that they intended to become the indorsers of said notes according to the ordinary and usual custom of indorsing mercantile paper, and according to the position their names would have occupied, had said plaintiffs indorsed the notes as expected; that they were not privy to the consideration of the notes; and that the making of the notes and the indorsement thereof were not contemporaneous acts, but that the indorse-

ment was long subsequent to the making of the notes by John Wilkerson, who not was in the state at the time the notes bear date. The defendants denied that they were joint makers of the notes, or that they intended to become such when they indorsed them.

This answer was stricken out on motion, and judgment rendered for the plaintiffs, from which the defendants appealed.

*Thomas B. Hudson*, for appellants. The answer contained a sufficient defence to the alleged cause of action. The case of *Powell* v. *Thomas*, 7 Mo. Rep. 440, does not sustain the judgment of the court below. The matters presented by the answer in this case were not urged in that. The decision in that case seems to have been based upon the supposition that the making and indorsement of the note were cotemporaneous acts, and that the indorser was privy to the consideration— both of which are negatived by the answer in this case. 4 Pick. 385–6–7. Ib. 312, and cases there cited. 5 Vt. Rep. 161.

*Glover & Richardson*, for respondents. Where a person not a party to a note signs his name on the back thereof, without any words to express the nature of his understanding, he is considered a joint promisor. *Powell* v. *Thomas*, 7 Mo. Rep. 440. *Flint* v. *Day*, 9 Vt. 345. *Nash* v. *Skinner*, 12 Vt. 219. *Martin* v. *Boyd*, 11 N. H. 385. *Moies* v. *Bird*, 11 Mass. 440. *Sumner* v. *Gay*, 4 Pick. 311. *Baker* v. *Briggs*, 8 Pick. 122. *Chaffer* v. *Jones*, 19 Pick. 261. *Austin* v. *Boyd*, 24 Pick. 64. *Samson* v. *Thornton*, 3 Met. 279. 2 McMullan (S. C.) 313. The conflict of the authorities is in reference to negotiable notes, or where the indorsement is made after the delivery of the note and the completion of the contract. In this case, the notes were not negotiable, and an analysis of the pleadings will show that no question can be raised as to the time of the indorsements. The answer does not deny the allegation of the petition that the defendants indorsed the notes before they were delivered to the

plaintiffs. All that the answer sets up is, that the notes were *signed* by Wilkerson before the indorsement by defendants. But if they were indorsed before they were delivered to the plaintiffs, the indorsers will be charged as joint makers, no matter when they were signed or even dated. 3 Met. 279. 9 Vt. 343. 11 Mass. 440. If the defendants could not be charged as original promisors, their indorsements would be of no service to the payees, for the indorsements could add no security to them, if they were required to put their names on the back as prior indorsers. The defendants admit that they indorsed the notes for the accommodation of Wilkerson, and they could only serve their friend in this instance, by becoming his securities. A person who signs his name as security may be sued as a joint and original promisor. 5 Mass. 358. 6 ib. 519. 7 ib. 518.

GAMBLE, Judge, delivered the opinion of the court.

The promissory notes described in the petition want the words " negotiable and payable," which, under our statute, are necessary to make them negotiable with the like effect as inland bills of exchange. They are signed by Wilkerson, made payable to the plaintiffs, and on the back of each the names of the defendants are written by the signature of Harvey & Stewart, which is the style of their firm. The petition charges them as makers of the notes.

1. In this country there has been a very great diversity of opinion in relation to the contract which the law implies, from the fact that an individual writes his name on the back of a negotiable note which is already complete, in having a maker and payee. But there does not appear to be the same difference in relation to notes which are not negotiable. The decisions in most of the states in which the liability of such party to a note not negotiable has been considered, appear to agree that he is liable as an original promissor, and in this state the

question was decided in *Powell* v. *Thomas*, 7 Mo. Rep. 440, and such was held to be the meaning and effect of his contract. In that case, the opinion was expressed that the same rule applied to parties who bore the same relation to negotiable notes. It has been said, that this was but an *obiter dictum*, as the note, in that case, was not negotiable ; but it will be seen that the reason for considering the question in relation to such signature upon a negotiable note was, that a case of that description was then before the court, and as that case is not reported, the opinion in *Powell* v. *Thomas* must be regarded as designed to be the decision of the other case in which the note was negotiable.

It may be doubtful whether the distinction made in the New York cases between notes negotiable and those which are not negotiable, applies in this state. In New York, their negotiable notes are those payable to order or to bearer, which, by the English law, are negotiable. Other notes cannot be assigned so as to give the assignee a right of action in his own name, unless the assignor be dead and there is no executor or administrator, or, if there be one, that he refuses to bring the action in his name. 2 Rev. Laws, 274, sec. 5. It seems that only in such cases are assignees recognized in courts of law. As on such notes in that state an indorsement has not the effect of transferring the right of action to the assignee, to be enforced in his own name, it appears that the courts have held that the name of a third party on the back of such note must be held to be different from the indorsement of negotiable paper, and subjects such party to liability, either as maker or guarantor. As he cannot occupy the position of indorser on negotiable paper, he must be held to have contracted in some other character. In this state, all notes, whether negotiable at common law or not, and whether in the form that makes them negotiable, under the statute, as inland bills of exchange, or not, are assignable, so that the assignee may maintain an action thereon in his own name, and an assignor of a note not negotiable, although his contract is not that of an indorser of

6—VOL. XVIII.

a note negotiable, incurs a liability to the assignee which is regulated by the statute. The name of a third person then, upon the back of a note which is here assignable, although not a negotiable note under the statute, may be the means of his liability as assignor, although that liability differs from that of an indorser on negotiable paper. Without stopping, however, to inquire whether the decisions that have been made in New York would have recognized a distinction between negotiable paper and such as is assignable under our statute, if such had been assignable there, we will proceed to examine, briefly, the principles upon which the cases now before this court, involving these questions, should be decided.

If a person, who is not a party to a note, writes his name upon the back, we do not perceive the correctness of the position that he is to be presumed to have signed only as an indorser. In the absence of all extrinsic evidence, we do not admit that such is the import of his signature. When he affixes his name to the paper, it must be regarded as then complete, so far as he is concerned. He delivers to others the paper, with his name upon it, and confers upon every holder the power to write over his signature any engagement that is consistent with his own act of affixing his name. To write over it an indorsement in the shape the paper then has, is to take away all effect and meaning from his signature, because he is not payee. To hold that the effect of his signature is to bind him only as second endorser, is to declare that the payee who holds the note is to have no benefit from the signature upon the back of it. It is true that the chancellor of New York, in *Hall* v. *Newcomb*, 7 Hill, 417, suggests a cunning process by which the person who puts his name on the back of a note may be made liable to the payee, but this suggestion is answered by senator Bockee, who says, " this sort of finesse and shuffling is below the dignity of the law. We must take this contract as the parties left it, complete and perfect when the note was delivered to Hall, and we have no right to ask him to resort to practices bordering on trick and deception for the purpose of changing the lia-

bilities of the parties." In *Tillman* v. *Wheeler*, 17 John. Rep. 328, and *Herrick* v. *Carman*, 12 John. Rep. 160, it is held, that the presumption of law, from the appearance of the paper, without extrinsic proof, is, that a third person, who has put his name upon the back of a note, has assumed only the responsibility of a second indorser. This may be regarded as the doctrine of the New York courts, but in the courts of Massachusetts a different doctrine prevails. It is held in Massachusetts that, if a third person writes his name on the back of a promissory note at the time it is made, he may be declared against and is bound as a promisor. *Baker* v. *Briggs*, 8 Pick. 130. *Tenney* v. *Prince*, 4 Pick. 385. *Austin* v. *Boyd*, 24 Pick. 64. The same is the law in New Hampshire and Vermont. *Flint* v. *Day*, 9 Vt. 345. *Nash* v. *Skinner*, 12 Vt. 219. *Martin* v. *Boyd*, 11 N. H. 385. Such is also the law in South Carolina. 2 McMullan's Rep. 313. In *Austin* v. *Boyd*, Morton, J., says : " It is well settled, by a series of decisions in this commonwealth, that where a person, not a party to a note, puts his name upon it, he thereby makes himself an original promisor. He must intend, by signing his name, to give some strength to the note and to incur some responsibility. He cannot be an indorser, because the note is not payable to him, and, perhaps, is not negotiable. If he does not make himself liable as promisor or guarantor, the act is nugatory and unmeaning." We think the strength of argument is decidedly opposed to the conclusion, that the party who puts his name upon the back of a note to which he is not a party, whether it be negotiable or not, is to be held only as an indorser. We think that he is to be taken to have assumed the obligation arising from the act of putting his name upon paper, as it then was, and upon which he could not then be an indorser. Shall he then be held to be a guarantor or a maker ? In the absence of all extrinsic evidence, it is but giving effect to his signature, to allow the holder to treat him as a maker, for that is the effect most beneficial to the holder, and is entirely consistent with the meaning of his signature.

It is very observable that in all, or nearly all, the cases in which these questions have been considered, the parties produced evidence of their dealings and transactions before and at the time of the execution of the paper which was the foundation of the suit, and while the judges, in their opinions, state general principles as applicable to the cases decided, the cases themselves turn very much upon their own facts. Judge Story, in his treatise on promissory notes, section 479, says : " But whatever diversities of interpretation may be found in the authorities, where either a blank indorsement or a full indorsement is made by a third person on the back of a note made payable to the payee or order, or to the payee or bearer, as to whether he is to be deemed an absolute promisor or maker, or a guarantor, or an indorser, there is one principle admitted by all of them, and that is, that the interpretation ought to be just such as carries into effect the true intention of the parties, which may be made out by parol proof of the facts and circumstances which took place at the time of the transaction. If the party indorsing the note intended at the time to be bound only as a guarantor of the maker, he shall not be deemed to be a joint promisor or an absolute promisor to the payee. If he intended only to be a second indorser on the note, he shall never be held liable to the payee as a first indorser. It is only in cases where the evidence on these points is doubtful or obscure, or totally wanting, that the courts of law adopt rules of interpretation as furnishing presumptions of the actual intention of the parties." The intention of the parties to the transaction is undoubtedly the object of inquiry, and it is to be ascertained by rules of interpretation applied to the paper itself, where there is no extrinsic evidence. One of the first of those rules would seem to require that the instrument shall be made as favorable to the party to whom it has been passed, as its terms or its character will admit. In the absence of evidence, the party is to be treated as a maker of the note.

2. In the present case, the defendants are charged as makers, and in their answer they allege that, at the request of

Hanna, whose name was already upon the back of the notes, " they indorsed them, intending to become indorsers of the notes according to the ordinary, usual custom of indorsing mercantile paper, and according to the position their names would have occupied, had said plaintiffs indorsed said notes as expected." They also deny " that they are joint makers of said notes, or intended to become such at the time they indorsed the same."

These allegations in the answer would admit the defendants to prove that they indorsed the notes merely as indorsers, and that they did not sign their names under circumstances that would admit of their being held as makers. If such evidence is admissible, the allegations are sufficient to admit it as a defence, it being an affirmative defence, to be made out by the defendants, on whom the onus rests of showing that the parties making and accepting the paper regarded it only as paper indorsed by the defendants. In the case of *Powell* v. *Thomas*, it is said : " This, we hold, is the light in which a blank indorsement, made by a party who is not the payee of a note, is to be regarded, if nothing to the contrary appears. The real contract of the parties may be shown ; but in the absence of all proof, the foregoing are the principles by which we think courts should be governed in determining the liability of a party, who, when not a payee or indorsee, will make a blank indorsement on a promissory note." According to this declaration of the law, the party charged as maker, may show the real character of the transaction, and that he did not become a maker of the note by putting his name on the back ; that such was not the understanding of the parties when it was made.

There is nothing in the point that the defendants indorsed the note after it had been executed, so that their act and the making of the note were not contemporaneous. The defendants put their names on the note while yet it was in the hands of the agent of the maker, as they state in their answer, and their signature was, therefore, made before the note was completed

and put into circulation. The circumstances of this case are wholly unlike that of *Tenney* v. *Prince*, 4 Pick. 385.

The answer of the defendants, under the present loose system of practice, may be understood as denying the allegation of the petition that he signed the notes as maker, and as asserting that he became a party only as indorser. In this view of the answer, it presented a defence of which the court was bound to take notice, and which it was improper to strike out. The judgment will be reversed, and the cause remanded for further proceedings.