BAKER, Respondent, v. BLOCK *et al.*, Appellants.

1. A party who writes his name on the back of a promissory note of which he is neither payee nor endorsee, is, *prima facie*, a maker of the note, and the payee is entitled to recover against him without proof of demand on the maker and notice of nonpayment.

*Appeal from St. Louis Law Commissioner's Court.*

*Simmons & Woerner*, for appellants.

*Mason & Woodson*, for respondent.

I. There is nothing either in the pleadings or the evidence to explain how the Blocks ever could have sustained the relation of endorsers entitled to have demand of payment of other defendant and notice of nonpayment. They stood, *prima facie*, in the relation of makers of the note. The payee had a right to regard them as personally liable. (Powell v. Thomas, 7 Mo. 440 ; Lewis v. Harney, 18 Mo. 74 ; Perry v. Barrett, 18 Mo. 140 ; Schneider v. Schiffman, 20 Mo. 571.) If the defendants undertake to excuse themselves from this kind of liability, upon them rests the obligation both to plead these facts, and, when pleaded, the burden of proving them. It is an affirmative defence. (18 Mo. 81, 140 ; 20 Mo. 571.) This the defendants have failed to do. They have failed altogether to prove that they signed as endorsers. The instruction given, on motion of plaintiff, was proper. The instructions asked were properly refused. There was no evidence to sustain them, and they are not law.

Scott, Judge, delivered the opinion of the court.

This was a suit on a note of which the following is a copy : " St. Louis, March, 1857. One day after date, I promise to pay to the order of Peter Baker, one hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount. [Signed] H. Haquette." [Endorsed] " L. Block & Bro."

L. & E. Block, whose names were endorsed on the note, were sued as joint makers. An instruction was asked by the defendants Block to the effect, that if the note was given for the debt of Haquette, and L. & E. Block signed the same as endorsers without intending to make themselves original promisors or joint makers thereof, and the transaction at the time was so understood by the parties, then the plaintiff is

not entitled to recover against the defendants Block without proof of a demand on the maker Haquette, and notice of his nonpayment.

It is well settled law in this state that a party who writes his name on the back of a note of which he is neither payee nor endorsee, in the absence of extrinsic evidence, is to be treated as the maker of the note. (18 Mo. 74.) As there was no jury in the case, the court might well have refused the instruction, as the court was not bound to give the instruction unless in its opinion there was evidence to warrant it. Had the instruction been given, the court might have been committed to find for the defendant, as thereby it would have indirectly declared that there was evidence authorizing such instruction. Where the trial by jury is waived, there is some difficulty in this court's reviewing such instructions, as it can not be seen whether the court below rejected the instruction because it did not contain a legal proposition, or because on the evidence there was no ground for it. If it should be refused on this last ground, this court would not interfere. We can not say that the court below erred in rejecting the defendant's instruction.

Judge Ewing concurring, judgment affirmed. Judge Napton absent.