HENRY J. KUNTZ, Respondent, *v.* JOHN N. TEMPEL, Appellant.

| 48 | 71 |
| 38a | 254 |

| 48 | 71 |
| 40a | 40 |

| 48 | 71 |
| 46a | 534 |

| 48 | 71 |
| 111 | 300 |

| 48 | 71 |
| 66a | 69 |

| 48 | 71 |
| 86a | 663 |

1. *Bills and notes — Days of grace — Protest — Sunday.*—Where there are no days of grace it has been generally held that when a note, by its terms. became due upon a Sunday, it was payable the following Monday. But there never was any question that in ordinary commercial paper entitled to grace, if the last of the three days is Sunday or other great holiday, the holder should make demand upon the secular day next preceding, and, upon non-payment, should at once protest the paper.

2. *Evidence — Objections to, must be brought distinctly to the attention of the court at the time.*—Objections to the admission in evidence of a paper, on the ground that it had not been placed on file a certain number of days before the trial, as required by the statute, should be made at the time the evidence is offered, and should distinctly allege the grounds of. objection. Trials are to be conducted in good faith, and objections of mere form are to be brought distinctly to the attention of the court, or they should be considered as waived.

3. *Bills and notes, parties to — Indorsers — Joint makers.*—If a promissory note be negotiable in form, and made so in fact by the indorsement of the payee, then all other indorsers, unless the contrary is stipulated, are held as such; but if the note is not negotiable, or be not indorsed by the payee, then, in the absence of an express agreement, the original indorsers are to be treated as makers.

4. *Bills and notes — Indorsers in blank — Nature of their liability may be shown by parol testimony.*—When a name is placed upon a note in blank, it is competent to explain the intention and purpose of him who placed it there; and it is proper for the court to hear evidence and decide as to the circumstances and intention. Explanation is not necessarily contradiction; and if the appearance of the paper is consistent with either of two states of facts or intentions, evidence explaining its appearance or showing the intention is admissible. The law only implies a particular undertaking in the absence of an actual one, and when the latter is shown there is no room for the former.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler*, for appellant.

I. The certificate offered as proof of protest of the note sued upon was incompetent. The petition alleges that the note, according to its tenor and effect, was duly protested on the 16th day of May, 1852. The document offered to make good that allegation bears date at a different day, namely, the 15th day of May, 1852. The allegation and the proof should be identical. (Sto. Bills, § 283.) If there was no legal protest the indorser is released. Every material averment must be proved as laid. (1 Chit. Plead. 258, 262, 305, 320 ; Moore *et al.* v. Platte County, 8 Mo. 472 ; 1 Greenl. Ev., §§ 56, 63, 275, 277, 295 ; 1 Stark. Ev. 624–5 ; 5 T. R. 496.) Where the time of doing a thing is material it must be proved as laid. (Steph. Plead. 107–8.) "In a declaration on a promissory note it was averred that when the note became due and payable according to its tenor and effect, to-wit: on the 5th day of November, 1821, it was presented for payment," etc. "*Held*, that the allegation that when the note became due and payable it was presented for payment, was a material averment, and no proof of a previous or subsequent presentation would satisfy it." (Schluter v. Rector, 1 Mo. 286.) (2) To make such alleged certificate of protest *prima facie* evidence of the facts therein stated, it should have been filed at least fifteen days before the trial. (Gen. Stat. 1865, p. 584, § 50 ; Wagn. Stat. 598, § 50.) This was not done. It was, in fact, never filed at all in the case. It was first produced by the counsel for the respondent when he offered it as evidence at the actual trial of the cause. It was not even attached to the note. But neither it nor the note were on file in the cause, and the objection should have been sustained.

II. The parol evidence which the court permitted to govern the case was inadmissible. "Parol evidence is inadmissible to contradict, vary or alter the terms of a written contract." (Stark. Ev. 648, 652 ; Chit. Bills, 645, 649 ; Bailey on Bills, 586, 593, 599 ; 5 Pet. 390 ; 21 Pick. 30 ; 5 Cow. 144 ; 22 Conn. 299 ; 6

Halst. 174; 1 Greenl. Ev., §§ 275–6; Ashley v. Bird, 1 Mo. 640; Lane v. Price, 5 Mo. 101; Singleton v. Fore, 7 Mo. 515; Wilson v. Cockrell, 8 Mo. 1; Vaughn v. Gray, 17 Mo. 429; Williams v. Smith, 21 Mo. 419; Baker v. Block, 30 Mo. 227; Jarvis v. Garnett, 39 Mo. 268; Henderson v. Bondurant, 39 Mo. 369; 8 Mass. 147; Stark. Ev. 660.) "A plaintiff who declares upon and offers in evidence a written contract as his ground of action can not introduce the oral declarations of the defendant as to his supposed liability." (Goodell v. Smith, 9 Cush. 592.) "If a plaintiff in his petition charges as guarantor of a note, he cannot recover against him as surety, although the defendant sets up in his answer that he is surety, and although the contract of a surety is more onerous than that of a guarantor." (18 Mo. 145; 19 Mo. 39, 63; 31 Mo. 253; 29 Mo. 299, 399; Williamson v. Allison, 2 East, 446, 452.) "Where the language of an instrument has a settled legal construction, parol evidence is not admissible to contradict that construction." (1 Greenl. Ev., § 277.) Now, what is the legal construction of the note sued upon, taking it at what it means, and not at what Kuntz says it means? It is payable to the order of Henry J. Kuntz. Had the name of the payee been left blank, it would have changed the legal construction. But Henry J. Kuntz is not only named as the payee; he is the first indorser on the note. Below his indorsement is the name of John N. Tempel. The authorities settle the construction of such an instrument. In Thomas v. Greene, 6 Mo. 482, it was held that "as no special circumstances were alleged in the declaration rebutting the presumption arising from the position of the parties on the bill, the plaintiff could not recover." Sustaining this are the following cases: 23 Mo. 43; 33 Mo. 575; 35 Mo. 376; 38 Mo. 188, 201; 43 Mo. 266; 42 Mo. 450, which defines fully the distinction between liability of maker and indorser; 43 Mo. 266; 45 Mo. 174; 3 Pet. 374. "The indorser cannot sue the indorsee." (Herrick v. Carman, 10 Johns. 224–5; Bishop v. Hayward, 4 T. R. 470; Ellis v. Brown, 6 Barb. 282.) "The law will never imply a contract of guaranty where the evidence shows that the defendant undertook to be bound only as indorser." (Seabury

v. Hungerford, 2 Hill, 80.) The defendant cannot be sued as indorser and held in any other manner. (38 Mo. 395; 17 Wend. 214; 3 Kent's Com. 78, 89, 90; 3 Barb., S. C., 634.) "The indorsers are (if they become sureties by successive indorsements on mercantile paper, as that is a form of paper which, in general, binds the first to indemnify the second), and the law presumes that they mean, to stand as they have placed themselves." (McNeilly v. Patchin, 23 Mo. 43; Walton v. Shelly, 1 T. R. 301; Jordaine v. Lashbrooke, 7 T. R. 606; Bailey on Bills, 151; Edw. Bills, 316; Sto. Bills, § 208; 2 Speer, 749; 11 Ohio, 62; 18 Ohio, 442; 10 Ohio, 180; 3 Ohio St. 234; 12 Pick. 544; 8 Conn. 236.)

III. "*Prima facie*, a party who writes his name on the back of a promissory note, of which he is neither payee nor indorsee, is to be treated as the maker of the note." (45 Mo. 105.) But, first, Kuntz himself disproves such *prima facie* case; second, Tempel is the indorsee. So this case stands distinguished from that; and, moreover, the inference is fairly deducible that, therefore, where he is either the payee or indorsee, he is not *prima facie* to be treated as the maker; and for manifest good reasons. His attitude as payee and indorsee fixes and determines his liability in that position which he so occupies on the note; and we have already shown that the pleadings must declare upon and the evidence sustain the instrument as set forth. Parol evidence cannot break down the writing itself or vary it; nor is such evidence admissible to go outside of the pleadings and subject the defendant to a different liability. (2 Greenl. Ev., §§ 160, 171.) The case in 45 Mo. 105 was not this case, but showed a different record entirely.

*Mauro & Laughlin*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The payee sues the indorser of a promissory note, and the defense is that the indorsement was made for the accommodation of the said payee, and not for that of the maker. The issue was submitted to the court, and judgment was given for the plaintiff.

The parties were the only witnesses, and they flatly contradicted each other; the court judged of their credibility as the trial court or jury alone could do, and we are asked to reverse the judgment for alleged errors of law.

First, the certificate of demand and protest was admitted in evidence, when it appeared that the note fell due on the 16th of May, 1852, but was protested on the day previous. This, it is claimed, was an error. But the day when it fell due was Sunday, and the demand and protest were made on Saturday, the 15th. Section 19 of the act concerning bills of exchange, etc. (Wagn. Stat. 217), was first enacted March 5, 1855 (Sess. Acts 1854–5, p. 167), was incorporated in the revision of that year, and has ever since been in force. It expressly provides that where the day of payment of a bond, bill or note shall be upon Sunday or other named holiday, its payment shall be deemed due on the day next before that shall not be one of such holidays. This statute, from the date of its enactment, cannot apply to the note under consideration; yet so far as Sunday is concerned, and as applied to paper entitled to days of grace, it but embodies the law as it stood before. Where there were no days of grace it had been generally held that when the note, by its terms, became due upon Sunday, it was payable the following Monday. (Barrett v. Allen, 10 Ohio, 426; Avery v. Stewart, 2 Conn. 69.) But there never was any question that in ordinary commercial paper entitled to grace, if the last of the three days is Sunday or other great holiday, the holder should make demand upon the secular day next preceding, and, upon non-payment, should at once protest the paper. (1 Pars. Notes and Bills, 401, and cases cited in notes.) So the demand and protest in the case at bar was in strict accordance with the commercial law as well as with the statute since enacted, and was so far properly admitted in evidence.

Counsel in argument also claims that the certificate should not have been received because it had not been filed fifteen days before the day of trial, as required by section 50 of the chapter concerning evidence (Wagn. Stat. 598). But, saying nothing in relation to the force and effect of the section, there is no evidence that the certificate was not so filed; and no objection,

for that reason, was made to its introduction. If counsel objected to its use because it had not been placed on file, they should have distinctly said so at the time; and the general objection for " incompetency and irrelevancy " is not sufficient.

Trials are to be conducted in good faith, and objections of mere form are to be brought distinctly to the attention of the court, or they should be considered as waived. The certificate itself is proper evidence, both competent and relevant, and we will not assume without evidence that formal requirements in regard to it were not complied with, especially when no objection in that regard was raised when it was offered.

But it really makes no difference whether the protest was regular or not, for if the defendant is liable at all it is as one of the makers of the note. He placed his name upon the back of it, and if the act was done to give the note credit with the payee, and before it was accepted by him in satisfaction of the debt due from the maker, he was a surety and not an indorser, unless he expressly stipulated that he should be held as indorser.

Defendant claimed, and so testified, that he indorsed the note after delivery, and for the accommodation of the payee, but the court found that fact against him; and his counsel now insist that he can hold no other relation to the paper than as second indorser, and of course cannot be holden to the payee, who is, or is presumed to be, first. The New York authorities are cited in support of this position, without noting the fact that they are contrary to the decisions in nearly all the States, and especially contrary to the whole current of our own. The settled law in regard to this matter is that if the note be negotiable in form, and made so in fact by the indorsement of the payee, then all other indorsers, unless the contrary be stipulated, are held as such; but if the note be non-negotiable, or be not indorsed by the payee, then, in the absence of an express agreement, the original indorsers are to be treated as makers. (Powell v. Thomas, 7 Mo. 440; Western Boatmen's Benevolent Association v. Wolff, 45 Mo. 104; Schmidt v. Schmaëlter, id. 502; Lewis v. Harvey, 18 Mo. 74.) Nor is this inconsistent with McNeilly v. Patchin, 23 Mo. 40, the doctrine of which case is recognized in McCune

v. Belt, 45 Mo. 174, and in Stillwell v. How, 46 Mo. 589. In these latter cases the paper was strictly commercial, was indorsed by the payee, and the accommodation indorsers were held as such in the order of their indorsements. The distinction is plain. In the absence of any express understanding as to the purport of the contract, it must be inferred from the nature of the transaction. A blank indorsement is an authority to fill the blank with matter consistent with and indicated by the act.

Subsequent indorsers of negotiable paper have a right to treat it as indorsed to them successively, and so fill up the blanks, for such is the actual relation of the parties to a bill or note when regularly negotiated; and it is fair to presume that parties intended to bind themselves in accordance with the relation assumed. But it would be nonsense to fill up a blank with an order to pay an indorsee, over the name of one to whom the paper had not been indorsed, and who had no right to make such an order.

The appearance of the note, unexplained, would exonerate the defendant, for it shows an erased indorsement by the plaintiff, who is payee. But he testified that he made this indorsement after he had accepted the note with the name of the defendant upon it, and for the purpose of collection merely, and that after protest it was returned to him and he erased his name. If this statement be true — and the court must have so found it — he did not indorse to defendant, and the latter is not a second indorser. But counsel insist that the apparent relation of the parties to the paper cannot be explained; that it would be admitting parol evidence to contradict a written instrument. But explanation is not necessarily contradiction. The parties' names are seen upon the paper; when, for what purpose, and for whose benefit were they placed there?

Speaking of the nature of the undertaking assumed by the indorsement, the Supreme Court of Indiana (Vore v. Hunt, 13 Ind. 557) says: "It is taken for granted that some kind of liability was intended. If the liability intended were written out upon the note, that of course would govern. But it not being written out, thereby leaving it uncertain whether the liability of

indorser, guarantor or maker was intended, the law permits parol proof to show what was the real intention of the parties, and will hold them responsible accordingly." No other idea has ever been entertained or doctrine held; and when a name is placed upon a note in blank, it is competent to explain the intention and purpose of him who placed it there; and thus it was proper for the court to hear evidence and decide whether the defendant wrote his name upon the back of this note before delivery, and as surety for the maker, or whether he was an indorsee. And so the indorsement by the plaintiff can be explained. It can be shown, notwithstanding the appearance, that he indorsed it to the bank for collection, and not to defendant; and if so, it is good in his hands as though his name had never been placed upon it. This parol evidence contradicts nothing. The law only implies a particular undertaking in the absence of an actual one; and where the latter is shown there is no room for the former.

Some other points are raised, but I find no error in the rulings of the court. The judgment will therefore be affirmed. Judge Currier concurs; Judge Wagner absent.