Cahn v. Dutton.

————o————

JOSEPH CAHN, Respondent, *vs.* EDWARD DUTTON, Appellant.

1. *Bills and notes—Signature on back of note, when that of maker.*—Where one writes his name on the back of a note whereof he is not shown by the instrument to be either an original party or indorsee, he will be presumed, in the absence of extrinsic testimony, to be a joint maker; but such presumption may be removed by parol evidence. And what weight is to be given to such evidence is a question for the jury to determine.

*Appeal from Buchanan Circuit Court.*

*B. R. Vineyard,* for Appellant.

Although *prima facie* the man who signs his name on the back of the note, not being the payee, is a maker, still he may, by parol, show that he did not sign as maker, but simply as endorser. (Seymour vs. Farrell, 51 Mo., 95; Kuntz vs. Temple, 48 Mo., 71; Mammon vs. Hartman, 51 Mo., 168; Ayres vs. Milroy, 53 Mo., 516.) And on this point the evidence was all in favor of appellant, and the finding of the court was without any vindication whatever in the testimony.

*H. M. Ramey,* for Respondent.

I. It is well settled law in this State, that a party who writes his name on the back of a promissory note, of which he is neither payee nor indorser, is to be treated as a maker of the note. (18 Mo., 74; 30 Mo., 226.)

The trial court sitting as a jury passed upon this testimony, and this court will not review the evidence or disturb the verdict.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a negotiable promissory note payable to the plaintiff, and signed by Donelan and Brown on the face, and on the back by Dutton, the defendant.

Donelan and Brown made no defence, and the defendant filed an answer, in which he stated that he never signed the note as a maker, but admitted that he signed it as an endorser, and he averred that plaintiff knew at the time he received the note that defendant was only endorser thereon.

To this answer there was a replication denying the averment of knowledge on the part of the plaintiff, that defendant signed the note only as endorser, and alleging that he signed the note with the other defendants as a joint maker.

This cause was tried before the court sitting as a jury, who, after hearing all the evidence offered by both sides, gave judgment for the plaintiff against all the defendants, and Dutton appealed.

Plaintiff asked for no instruction, and the defendant submitted one which was given, which stated the law to be,— " If the court believe from the evidence that the defendant, Dutton, signed his name on the back of said note as an indorser, and not as a maker, and such was the understanding of the parties to said note at the time, then the court will find for the defendant, Dutton, under the pleadings in this case."

The court admitted all defendant's evidence, and gave the only declaration of law that he asked, and then found against him on the facts.

The counsel for the defendant contends that the verdict was not merely against the weight of evidence, but that there was no evidence whatever to support it. This assumption is not maintainable. Dutton testified in his own behalf that he signed the note at the request of Donelan, for his, Donelan's and Brown's accommodation, and that he refused to sign it as a maker, but signed it only as an indorser. But on his cross-examination he stated that he signed the note at his shop, and that he never told the plaintiff that he signed the same

as an indorser or otherwise. He also said that the note was given as a renewal of a note signed by Smith and Brown, and indorsed by Donelan and himself.

The plaintiff then introduced Mr. Williams, who stated that he acted for plaintiff in getting the note, sued on; that he got Donelan to take it to defendant Dutton to sign, and that it was given in renewal of another note on which Dutton was indorser. On his cross-examination, he said he was cashier of the bank, and was acting for plaintiff in loaning money. Dutton was indorser on the first note, and he regarded him as indorser on the note sued on. Donelan's testimony mainly corroborated Dutton's, as to the manner of his signing the note.

The defendant's name on the back of the note *prima facie* imported that he was a maker. The *onus* devolved on him to show that he signed as an endorser. In what capacity he did sign it was a question of fact, to be passed upon by the triers thereof. Defendant himself admits that he did not inform the plaintiff that he signed the note as indorser, and the testimony of Williams, who was acting as agent of the plaintiff, might have well been construed by the court as amounting to a mere inference or opinion. Unless he had knowledge the plaintiff had none.

In the conflict the court below was the proper tribunal to determine the effect to be given to the evidence, and as no point is raised by any instruction as to its legal character, there is nothing for this court to review.

The judgment must be affirmed; the other judges concur.