SEMPLE ET AL. APPELLANTS v. TURNER.

**Promissory Note.** One who writes his name on the back of a note of which he is neither the payee nor endorsee, before it is delivered, is, in the absence of extrinsic evidence, to be treated as a maker.

*Appeal from Linn Common Pleas Court.* HON. THOMAS WHITAKER, Judge.

*Ell Torrance* for appellants.

NORTON, J.—This suit was instituted in the court of common pleas of Linn county, and was founded on two

promissory notes payable to the order of Semple, Birge & Co., and executed by one W. A. Crane, the defendant writing his name on the back of said notes before delivery to plaintiffs. One of the notes is as follows:

$105.00.                        BROOKFIELD, July 3rd, 1869.

Four months after date I promise to pay to the order of Semple, Birge & Co. one hundred and five dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent. per annum.

(Signed,)                        W. A. CRANE.

On the back of said note was written "Augustus Turner."

The other note is like the above in all respects except as to amount. The petition contains two counts, in the first of which defendant is charged as maker and in the second as endorser. The answer of defendant was a general denial. Plaintiffs on the trial proved that the signature on the back of the note was the signature of defendant, and then offered the note declared on in the first count in evidence, which the court refused to receive. In support of the second count, plaintiff also proved the signature of defendant on the back of the note, and also the first answer of defendant, in which he admitted that he signed said note, but alleged that he did so only as endorser. By these rulings plaintiff was driven to a non-suit, which the court refused to set aside on motion, and rendered judgment for defendant. The trial court erred in rejecting the evidence offered and in excluding the note, and for this error the judgment will be reversed and cause remanded, this court having repeatedly held that a party who writes his name on the back of a note, of which he is neither the payee nor endorsee, in the absence of extrinsic evidence is to be treated as a maker of the note. 18 Mo. 74; 30 Mo. 225; 60 Mo. 297; 48 Mo. 71; *Dowzelot et al v. Rawlings*, 58 Mo. 75.

Judgment reversed and cause remanded, in which the other judges concur.                        REVERSED.