HENRY BOYER, Respondent, *v.* SIMON L. BOOGHER, Appellant.

### November 15, 1881.

1. One who writes his name on the back of a note of which he is neither payee nor indorsee becomes *prima facie* liable as co-maker.
2. To make his liability to the payee that of an indorser, he must show a contract or understanding with him to that effect.

Appeal from the St. Louis Circuit Court, THAYER J. *Affirmed.*

C. P. ELLERBE, for the appellant.

J. A. ROBERTSON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action upon the following promissory note : —

" $200.                    ST. LOUIS, Oct. 21, 1878.

" Eighty-four days after date I promise to pay to the order of Henry Boyer, two hundred dollars, for value received, negotiable and payable without defalcation or discount, and with interest from maturity at the rate of ten per cent per annum.                    D. R. BOOGHER."

Indorsed on the back, " Simon L. Boogher."

The defence is that Simon L. Boogher indorsed the note

with the understanding that he should incur only the technical liability of indorser, and not that of co-maker. The evidence to sustain this defence was substantially this: That Davis R. Boogher went to the plaintiff and asked him for a loan of $200, which the plaintiff agreed to give him, if he would get one of his brothers to indorse his note. D. R. Boogher then drew the note at the plaintiff's office, and went to his brother, Simon L. Boogher, who wrote his name on the back of it, as shown, and D. R. Boogher brought it back to the plaintiff, without saying anything as to the terms or understanding upon which Simon L. Boogher had consented to indorse it. Demand of payment was not made at the maturity of the note, nor was any notice of dishonor ever given to Simon L. Boogher until long afterwards.

The defendant asked for a declaration of law, the substance of which was, that if the court should find the evidence as thus stated to be true, the judgment should be for the defendant. This the court refused to give, and this is substantially the only question we have to consider.

It has long been the settled law of this State, that one who writes his name on the back of a note of which he is neither payee nor indorsee, becomes *prima facie* liable as a co-maker, and will be held to be such in the absence of extrinsic evidence that it was the contract or understanding of the parties at the time he so indorsed it, that he should be liable only as indorser. *Powell* v. *Thomas,* 7 Mo. 440; *Lewis* v. *Harvey,* 18 Mo. 74; *Baker* v. *Block,* 30 Mo. 225; *Kuntz* v. *Tempel,* 48 Mo. 71; *Seymour* v. *Farrell,* 51 Mo. 95; *Cohn* v. *Dutton,* 60 Mo. 297; *Semple* v. *Turner,* 65 Mo. 696; *Butler* v. *Gambs,* 1 Mo. App. 466. This is the contract which the law implies from the act of so indorsing; and the person so indorsing will be held to this contract, unless he shows that, at the time he so indorsed, there was a special contract or understanding that his liability should

be otherwise. It is wholly immaterial what his secret understanding may have been, unless that understanding was communicated to the person who took the note or advanced his money on the faith of the indorsement. " The real *contract of the parties* may be shown." *Powell* v. *Thomas*, *supra*. " The party charged as maker may show the real character of the transaction, and that he did not become a maker of the note by putting his name on the back — that such was not the *understanding of the parties* when it was made." *Lewis* v. *Harvey*, *supra*. " The distinction is plain : in the absence of any *express understanding* as to the purport of the contract, it must be inferred from the nature of the transaction." *Kuntz* v. *Tempel, supra*. Or, as was well said by Gantt, J., in giving the judgment of this court : " If any special contract be shown as to the relations to be occupied towards each other by the maker and indorser of a promissory note, or the drawer, acceptors, and indorsers of a bill of exchange, effect will be given to such contract ; but in the meantime, they are all liable to third persons according to the tenor of the instrument which they have signed." *Butler* v. *Gambs, supra*.

Here there was no evidence of any contract or understanding between Simon L. Boogher and the plaintiff, that the latter was to be bound only as a technical indorser. It is true that the plaintiff consented to advance the money to D. R. Boogher on his note if he would get an indorser ; but there is nothing to show that he meant indorser in the technical legal sense of the term, or that he meant anything more than what the word ordinarily, and according to its etymology, imports, *a name written on the back of a note*.

And when D. R. Boogher returned to him with the note, with Simon L. Boogher's name written on the back of it, in the absence of any intimation to the contrary, the plaintiff clearly had the right to assume that Simon L. Boogher intended to assume the liability which the law affixed to his act. The instruction was, therefore, properly refused, and judg-

ment was properly given for the plaintiff against Simon L. Boogher.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.