RUDOLPH SCHMIDT MALTING COMPANY, Respondent, v. HENRY MILLER, Defendant, AND BERNARD SPELBRINK, Appellant.

**St. Louis Court of Appeals, December 3, 1889.**

1. **Promissory Notes.** A party to a note, who is not the payee, but whose name appears on the back of the note, above that of the payee, is *prima facie* liable as maker.

2. ———. To avoid such liability, it is incumbent on him to show that there was a contract or understanding between him and the payee, that he should be bound only as endorser.

3. **Practice, Appellate:** WEIGHT OF EVIDENCE. When the evidence is conflicting, a verdict will not be disturbed, on appeal, on the ground that it is against the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk*, for the appellant.

The refusal by the circuit court of the instruction asked by appellant was erroneous. The word "endorser" was used in its technical sense by the parties. This distinguishes the case at bar from *Boyer v. Boogher*, 11 Mo. App. 130.

*H. A. Haeussler* and *Walter M. Hezel*, for the respondent.

One who writes his name on the back of a note, of which he is neither payee nor endorser, becomes *prima facie* liable as co-maker, and will be held as such in the absence of extrinsic evidence that it was the contract or understanding of the parties, at the time he so endorsed it, that he should be liable only as endorser. *Powell v. Thomas*, 7 Mo. 440; *Lewis v. Harvey*, 18 Mo. 74; *Kuntz v. Temple*, 48 Mo. 71; *Butler v. Gambs*, 1 Mo. App. 466. When there is substantial evidence to warrant the finding by the court sitting as a jury, the appellate court will not disturb the judgment.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon the following promissory note:

"$400.00.        ST. LOUIS, January 15, 1884.

"Six months after date, I promise to pay to the order of F. Feldkamp four hundred dollars for value received, at the Bank of Commerce (N. W. corner 4th and Olive Sts.), St. Louis, with interest from date at the rate of seven per cent. per annum.

"(Signed)        HENRY MILLER
"(Endorsed), B. SPELBRINK,
"Value received, F. FELDKAMP."

The petition is in the usual form, claiming that the plaintiff is the holder of the note by endorsement of

Feldkamp, and charging the defendant Spelbrink as a joint maker.

The answer of defendant B. Spelbrink is as follows: "That, at the time when he placed his name on said note, to which he was a stranger, it was understood and agreed between him and the maker and payee, that he, this defendant, signed said note as security for said Miller, and that he was only undertaking, and was only to be held to, the responsibility of an indorser; that no demand of payment was made according to law, nor was he notified of the non-payment of said note, and, by the failure of the holder to give notice to him of the non-payment of said note according to law, he has been discharged from all liability on said note; that the same came to plaintiff's hands after maturity."

The reply admits that the note came to plaintiff's hands after maturity, but then denies all other allegations of the answer.

The cause was tried by the court sitting as a jury, the trial resulting in a judgment for the plaintiff.

The plaintiff read the note in evidence and rested. The defendant thereupon called, as witnesses, the three parties to the note. It appeared, by their evidence, that the note sued on was a renewal of former notes for the same amount. The defendant Spelbrink testified that he did not know whether, when he put his name on the note, the payee Feldkamp was present or not, and that he made no arrangement with Feldkamp as to the capacity in which he, Spelbrink, signed the note. Miller testified that he asked Spelbrink to endorse the note, but had no conversation with Feldkamp when he brought him the note, but, on cross-examination, stated that, prior to that time, Feldkamp told him he would give him the money, "if he would bring the old man (meaning Spelbrink) as endorser to get the money for security." Feldkamp testified that he asked Spelbrink to endorse the note, as a condition of giving the

money to Miller. Feldkamp also testified to certain facts leading to the inference that he thought Spelbrink was no longer liable to him after the maturity of the note.

This being, in substance, all the evidence, the defendant asked the court to declare the law as follows: "If Spelbrink put his name on the back of said note as endorser, and no notice was given of the non-payment of said note, and the same was not presented to the maker, at maturity, for payment, then said Spelbrink is not liable thereon."

The court changed the instruction, by interlineation, so as to read as follows, and gave it as its own : "If Spelbrink put his name on the back of said note, under an agreement or understanding with the payee thereof, that Spelbrink should be liable only as endorser, and no notice was given him of the non-payment of said note, and the same was not presented to the maker at maturity for payment, then said Spelbrink is not liable thereon."

There is no assignment of errors of any kind in appellant's brief, but we gather from his printed argument, that he complains of the finding of the court as unsupported by the evidence. The note offered in evidence made the defendant *prima facie* liable as maker. *Powell v. Thomas*, 7 Mo. 440; *Lewis v. Harvey*, 18 Mo. 74; *Kuntz v. Temple*, 48 Mo. 71; *Boyer v. Boogher*, 11 Mo. App. 130. To avoid such liability, it was incumbent upon him to show that there was a contract or understanding between him and the payee, that he should be bound only as technical endorser, or endorser in the technical legal sense, as the use of the word endorser by the parties to the contract does not of itself constitute such proof. *Boyer v. Boogher*, *supra*. The declaration given by the court is, therefore, a correct declaration of law. The defendant, appellant, himself testified that there was no understanding of any kind; his witness, Feldkamp, testifies that his

understanding was that Spelbrink was to endorse the note. The appellant asks us, in substance, to reject his own testimony, and to take the testimony of his witness, Feldkamp, as controlling. He evidently misconceives his position in this court. The question is not, whether there was any evidence to support the defense, but whether there was any evidence to support the finding, and with the note as *prima facie* evidence against him, supported by his own sworn statement to the effect that there was no understanding whatever between him and the payee as to the capacity in which he was to be held, it is folly to contend that there was no evidence in support of the judgment.

The judgment is affirmed. All the judges concur.