F. Rossi, Respondent, v. Chris Schawacker, Appellant.

St. Louis Court of Appeals, March 24, 1896.

Promissory Notes: PRIMA FACIE LIABILITY AS MAKER. One who writes his name upon the back of a promissory note of which he is neither payee nor indorsee, and does so prior to its delivery, is *prima facie* a comaker, and assumes liability as such in the absence of evidence that it was the understanding at the time that he should be held in some other capacity.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

Louis A. Steber for appellant.

G. H. Ten Broek and L. C. Spooner for respondent.

ROMBAUER, P. J.—The defendant wrote his name
as an accommodation for the maker upon the back of
a promissory note above the name of the payee. The
payee kept the note until after maturity and then trans-
ferred it to the plaintiff for value. The plaintiff there-
after sued the defendant as maker of the note and
recovered judgment against him; hence this appeal.

The cause was tried without the intervention of a
jury, and no instructions were asked by either party,
nor is any complaint made touching the admission or
exclusion of evidence. The only point made is that
under all the evidence the court should have found that
the defendant was an indorser and should have rendered
judgment in his favor, as it is admitted that no steps
were taken to charge him as such.

There was some slight conflict in the evidence as
to what passed between the maker of the note, its
payee, and the defendant, at the time when the defend-
ant became a party to the note by writing his name on
the back thereof. For the purposes of this review it
may be conceded that the great weight of the evidence
was to the effect that the word "indorser" was used at
the time, that the defendant was asked to "indorse"
the note, and that he thereupon wrote his name on the
back thereof. But there was no testimony whatever that
he did so upon an express understanding that the payee
should write his name above his own, or that he stated,

either to the maker or the payee, what the contract was which he intended to enter into by writing his name on the back of the note.

It will be thus seen that the case is one which is governed by the propositions stated by us in *Boyer v. Boogher*, 11 Mo. App. 130, and *Schmidt Malting Co. v. Miller*, 38 Mo. App. 251. Under the settled law of this state one who writes his name on the back of a note of which he is neither payee nor indorsee, and does so prior to its delivery, becomes by doing so *prima facie* a comaker, and becomes liable as such in the absence of evidence that it was the understanding at the time that he should be held in some other capacity. *Powell v. Thomas*, 7 Mo. 440; *Kuntz v. Tempel*, 48 Mo. 71. As was aptly said in the case last cited: "In the absence of any *express understanding* as to the purport of the contract, it must be inferred from the nature of the transaction."

Applying these principles to the facts of the case at bar, the following results follow: From the testimony adduced the trial court might have found that there was an understanding that the defendant was to be held only to the responsibilities of an indorser of commercial paper, as that term is defined by the law merchant. On the other hand, it might have found that such was not the understanding. As the judgment rendered shows that the court made the latter finding, and as there is nothing in the record to indicate that the court erred in any matter of law, its judgment must be affirmed. So ordered. All concur.