OEXNER, Appellant, v. LOEHR et al., Respondents.

St. Louis Court of Appeals, April 26, 1904.

1. **NEGOTIABLE INSTRUMENTS: Maker: Indorser.** If one who is neither payee nor indorsee signs a note on the back before delivery, he is presumed to be a maker; and to clothe himself with the character of indorser he must prove an agreement that he was to be so treated.

2. **————: Indorser: Popular Use of Term.** The use of the term "indorser" in a conversation between the parties is not decisive of the obligation of the party who signs across the back. because the word is used popularly to designate a maker who signs on the back as well as a technical indorser.

3. **————: ————: Evidence.** Evidence that one who signed a note on the back, before delivery, was told by the maker who requested her to "indorse" it, that she would be duly notified by the payee if it was not paid at the proper time, the payee being informed that she signed it as indorser, is sufficient to support a finding by the jury that she signed as indorser and not as surety.

4. **PRACTICE: Error.** In an action on two notes against the defendant as maker, incompetent evidence to prove that defendant was only indorser of one note was error prejudicial to plaintiff's case on the other note, because it tended, under the circumstances, to strengthen the impression that she sustained the relation of indorser to both notes.

5. ————: **Evidence: Prima Facie Case.** Introduction of a note signed on the back by one not the payee or indorsee, the signature being admitted, makes out a prima facie case that it was signed before ·delivery.

Appeal from St. Louis City Circuit Court.—*Hon. J. R. Kinealy,* Judge.

REVERSED AND REMANDED.

*William H.. Clopton, A. H. Baer* and *Carter & Sager* for appellant.

(1)   One who places his name upon the back of a promissory note, not being the payee therein, before. its delivery to the payee, becomes thereby a comaker, unless prior to the signing and delivery of the paper, there was an express agreement between him and the payee that his obligation should be that of an indorser, or· something other than that of maker.   Otto v. Bent, 48 Mo. 26; Cahn v. Dutton, 60 Mo. 297; Rossi v. Schawacker, 66 Mo. App. 68; Malting Co. v. Miller, 38 Mo. App. 254; Boyer v. Boogher, 11 Mo. App. 132; Mammon v. Hartman, 51 Mo. 168; Kingman & Co. v. Cornell-Tebbetts Co., 150 Mo. 282; Adams v. Huggins, 73 Mo. App. 140; Malone v. Fidelity & Casualty Co., 71 Mo. App. 1.   (2) The presence of the name of a party to a note on the back thereof, who is not the payee, raises the presumption as a matter of law that the name was there before delivery of the note and that the liability of the party is that of a joint maker, and the introduction of the note so signed, raises the presumption that the signature was so placed before delivery without the necessity of other proof.   Wells v. Hobson, 91 Mo. App. 379; Kuntz v. Funkel, 48 Mo. 771.

*W. H. Cocke* for respondent.

In order that the presence of respondent's name on the back of the note should constitute a prima facie case against her as maker, it was necessary that she should have written her name on the note before delivery, and the burden of proof was on appellant to make this showing. Rossi v. Schawacker, 66 Mo. 67.

GOODE, J.—Action on two promissory notes, one for $1,000, dated January 2, 1900, and the other for $500, dated March 11, 1900, both due one year after their respective dates. Plaintiff was the payee of the notes and they were signed on their faces by Fred Loehr, Jr., and Wendlin Oexner, and across their backs by Mrs. Emily Donk.

The petition was in two counts of the usual form.

The answer stated that the defendant Emily Donk signed the notes on the back as indorser and that plaintiff failed to notify her of the default of the makers or to take any steps required by law to make her liable as indorser.

A replication put that defense in issue.

The question is as to the capacity in which Mrs. Donk signed the notes. She signed them both before delivery to the plaintiff, and as she was neither payee nor indorsee, the presumption is she did so as maker; which presumption could be disproved by showing an agreement was made between her and plaintiff that she was to be regarded as indorser and entitled to the rights of a person who occupies that status on a promissory note. Otto v. Bent, 48 Mo. 26. Neither of the notes was paid at maturity, and as demand for payment was not made or notice of dishonor given to the defendant, she stands exonerated from liability if she was an indorser and not a joint maker or surety. The law concerning what must be proven by a party who is prima facie a maker of a promissory note (of which he was

neither payee nor indorsee), from having written his name on the back of it before delivery, to clothe himself with the character of an indorser, has been frequently reiterated by the appellate courts of this State. He must show an agreement that he was to be liable as indorser instead of as maker; a "special contract" to that effect, some of the opinions say: others, an "express understanding." Otto v. Brent, supra; Bowyer v. Boogher, 11 Mo. App. 130; Malting Co. v. Miller, 38 Id. 251. We understand those decisions to mean simply that a positive agreement must be shown to relieve such a signer of the character of maker, and that no agreement of the sort will be implied. The use of the word "indorser" or "indorsement" in a conversation between the parties anterior to the signing of the instrument, is not decisive of the obligation of the party who signed across the back; for both words are used popularly to designate a maker who subscribed his name on the back of a note as well as an indorser in the technical sense of the term. Rossi v. Schawacker, 66 Mo. App. 67.

Plaintiff's counsel insists a peremptory instruction should have been given to the jury to return a verdict for his clients on both notes. His position is that there was no evidence to prove an agreement between plaintiff and Mrs. Donk that she was to be held as an indorser merely. Probably this position is well taken as to the second note; for several perusals of the record have failed to disclose any substantial testimony to prove an agreement regarding it. It was delivered to the plaintiff by his brother Wendlin Oexner, with defendant's name on it and without any statement to plaintiff that she contracted as indorser. If there was an understanding of that kind between her and the principals on the note when she signed it, plaintiff was not notified of the agreement and did not assent to it. Whatever passed between her and the principals on the subject could not affect or bind the plaintiff unless it was

communicated to him at or prior to the delivery of the note. Certain evidence was admitted in regard to the obtention of her signature to the second note, over the objection of the defendant. Loehr, who is Mrs. Donk's son-in-law, was permitted to state that she "agreed to indorse the note." As it was not shown this agreement was made known to the plaintiff, Loehr's testimony was hearsay and incompetent. The response proffered by the defendant's counsel to this assignment of error is that no exception was saved to that testimony; but the record does not bear him out. Plaintiff's counsel objected and the court overruled the objection on the ground that the conversation occurred when the note was signed and, therefore, was relevant and material. Doubtless it would have been material if it had been communicated to the plaintiff; but that was not proven.

The first note was given under these circumstances: The principal makers, Wendlin Oexner and Fred Loehr, desiring to engage in business, applied to plaintiff for a loan of $1,000. Plaintiff was willing to lend the money provided they would furnish security. Loehr said his mother-in-law, Mrs. Donk, would sign the note and plaintiff agreed to accept her as security. Plaintiff's testimony shows clearly that he had no thought of accepting Mrs. Donk in the capacity of a technical indorser and that he did not know the difference between an indorser and a surety. He used the word indorsement in his talk with Loehr in no technical sense, but as signifying a surety. However, there was testimony that Mrs. Donk signed the first note as an indorser and that plaintiff was notified of the fact. Loehr swore he and Wendlin Oexner went to Mrs. Donk's house, asked her if she would indorse the note as they wanted the money to use in business, and stated to her that if it was not paid at the proper time she would be duly notified by the plaintiff. Loehr also swore he told plaintiff when the note was delivered to him and the money advanced, the conditions on which Mrs. Donk signed it, namely;

that it had to be paid when due, and if it was not he was to notify her. There are other statements in the testimony going to show Mrs. Donk signed the first note as indorser and that plaintiff was informed of the capacity in which she signed it. While it is apparent plaintiff did not understand her relation to the note was that of indorser, he can not be awarded a recovery, in the face of an agreement with her which was communicated to him when the note was delivered, merely because he failed to comprehend its force. The above selections from the testimony warranted a finding by the jury in favor of Mrs. Donk on the first note. But there are many discrepancies and inconsistencies in Loehr's testimony as well as in the defendant's, and the conviction is irresistible to our minds that she signed both notes as surety for Wendlin Oexner and Loehr without stipulating for the peculiar rights of an indorser or understanding that she had reserved those rights. In one part of her testimony she declared there was nothing said about the note when she signed it and again, that she thought the parties who borrowed the money, her son-in-law and Wendlin Oexner, ought to notify her if the note was not paid; but she said also, she understood the plaintiff was to notify her. It looks very much like the defense was an afterthought; but we must hold there was evidence for the jury in support of the defense to the first count of the petition.

The trial of the two counts was so connected that the admission of the incompetent evidence in regard to the conversation with Mrs. Donk when she signed the second note, was likely to injure the plaintiff's case on the first count; for it tended to show Mrs. Donk signed the second note as an indorser and to create or strengthen an impression in the minds of the jury that she sustained that relation to both notes.

Mrs. Donk's signature was admitted; so plaintiff rested after introducing the notes in evidence, but was

compelled, under penalty of a nonsuit, to prove she signed them before delivery. An exception was saved to this ruling. According to the opinion in Schmidt v. Miller, 38 Mo. App. 251, a case identical with this one in its facts, the introduction of the notes made a prima facie case for the plaintiff and threw the burden on the defendant. We adhere to that ruling.

This case is one which especially calls for care in the admission of testimony and in instructing the jury, as the rights of the plaintiff may be sacrificed to a misconception by the jury concerning the defendant's contract; a 'misconception easy to derive from the use of the word "indorsement" by the plaintiff while discussing with Loehr the security he wanted for his money. There was no evidence tending to establish a defense to the second note except some hearsay testimony of Loehr as to what Wendlin Oexner had told him. It was not objected to, however.

For the errors noted the judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.