JOHN MAMMON, Plaintiff in Error, *vs.* JOHANNA HARTMAN, *et al.*, Defendant in Error.

1. *Bills and Notes—Signature on back of note—Effect of parol evidence as to.* —When one writes his name on the back of a note of which he is neither payee nor indorsee, in the absence of extrinsic evidence, he is to be treated as the maker thereof. But parol evidence is admissible to show that he did not sign as maker but as endorser. (Kuntz vs. Temple, 48 Mo., 71.)

*Error to Ste. Genevieve Circuit Court.*

*J. B. Robbins and J. F. Bush,* for Plaintiff in Error.

I. The evidence shows the signing of the promissory note by the defendant Johanna Hartman before the delivery thereof to the plaintiff. From the circumstance of the signing of the note by the defendant before delivery to plaintiff, the law fixes the relations of the parties to the instrument and to each other, and presumes that the defendant was a maker or co-maker. (Powell vs. Thomas, 7 Mo., 440; Lewis vs. Harvey *et al.*, 18 Mo., 74; Perry vs. Barret, *Id.*, 140; Schneider vs. Schiffman, 20 Mo., 571; Baker vs. Block, 30 Mo., 225; Western Boatmen's Benevolent Association vs. Wolff, 45 Mo., 104; Schmidt vs. Schmælter, *Id.*, 502; Kuntz vs. Tempel, 48 Mo., 71.)

II. In the absence of an express agreement, giving defendant a different relation to the instrument, this presumption that defendant was maker must prevail and entitle plaintiff to judgment in this action.

*Robinson & Clardy with C. C. Rozier,* for Defendant in Error.

I. Although there is a presumption that a party who endorses his name upon a promissory note of which he is neither the endorsee or payee, is the maker thereof, yet it is competent for him to show by parol evidence, that he did not in fact sign as maker but as endorser or guarantor. (Powell vs. Thomas 7 Mo., 440; Lewis vs. Harvey, 18 Mo., 74; Perry vs. Barret, 18 Mo., 140; Baker vs. Block, 30 Mo., 225; Beidman vs. Gray, 35 Mo., 282.)

II. In what character the defendant put her name on the back of the note, was a question of fact within the exclusive province of the trial court to determine. Western Boatmen's Benevolent Association vs. Wolff, 45 Mo., 104; Kuntz vs. Tempel, 47 Mo., 71.

WAGNER, Judge, delivered the opinion of the court.

The plaintiff sued the defendant and one Meyer, as joint makers of a negotiable promissory note.

The defence was, that defendant signed her name on the back of the note as an endorser, and that plaintiff failed to present the note at its maturity for payment, or to give her any notice of its non-payment, by reason of which she was discharged.

The only issue made in the case was whether the defendant signed the note as an original maker or as indorser. The trial was before the court, both parties waiving a jury, and after hearing evidence the court found for the defendant.

We see no error in the courts refusing the plaintiff's instruction that the evidence showed no defence in the cause. There was abundance of evidence from which a contrary conclusion might be deduced.

The court then declared the law to be that if the evidence showed that Mrs. Hartman, the defendant, signed the note as an indorser and not as a maker, the verdict should be for the defendant.

The other instructions given and refused were immaterial, as the above declaration covered the whole issue in the case.

When a party writes his name on the back of a note of which he is neither payee nor indorsee, in the absence of extrinsic evidence, he is to be treated as the maker thereof. But parol evidence is admissible to show that he did not sign as maker but as indorser. (Lewis vs. Harvey, 18 Mo., 74; Western Boatmen's Benevolent Association vs. Wolff, 45 Mo.,104; Kuntz vs. Tempel, 48 Mo., 71.)

The case was submitted to the court under a correct view of the law and its finding is conclusive here.

Let the judgment be affirmed. Judge Adams concurs. Judge Bliss absent.