Chaffe v. The Memphis, Carthage & Northwestern R. R. Co., et al.

————o————

F. W. Chaffe, Respondent, vs. The Memphis, Carthage & Northwestern R. R. Co., et al., Appellants.

1. Prom. note—Endorser treated as prima facie maker, when—Accommodation endorsement, agreement as to—Notice of to holder—Notarial protest—Effect of.—Parties whose names are written on the back of a note before delivery to the payee are prima facie liable as makers. And the holder before maturity for value is not bound by an agreement between them and the payee, of which he had no knowledge at the time of transfer to himself, that they should be held only as accommodation endorsers. And the certificate of the notary of a bank to which the note had been given for collection without instructions, that he demanded payment of them and afterwards gave them notice of their own refusal to pay, is wholly inadmissible as evidence to charge the holder with notice of such agreement.

2. Practice, civil—General objection—Evidence excluded on account of—Ruling may be reviewed, when.—Where testimony is excluded on a general objection, the fact that the objection is not specific, will not prevent a review of the ruling of the court, and a reversal, if the testimony was competent.

*Appeal from Jasper Court of Common Pleas.*

13—VOL. LXIV.

*Walser & Cunningham*, for Appellants, cited: Cahn vs. Dutton, 60 Mo. 297 ; Mammon vs. Hartman, 51 Mo. 168 ; Seymour vs. Farrell, 51 Mo. 95 ; Kuntz vs. Temple, 48 Mo. 77 ; Western Boatmen's Benevolent Ass'n, vs. George C. Wolff, 45 Mo. 104 ; Sanderson vs. Reinstadler, 31 Mo. 483 ; Gilchrist vs. Downell, 53 Mo. 591 ; Edw. Bills & Notes, 219 ; State vs. Vaughn, 36 Mo. 95 ; Gerhardt vs. Boatmen's Savings Institution, 38 Mo. 62 ; Downzelot vs. Rawlings, 58 Mo. 75 ; Gerhke vs. Jod, 59 Mo. 522 ; Moore vs. State Bank, 6 Mo. 379 ; Edw. Bills & Notes, 229, 273 ; Hayward vs. National Insurance Co., 52 Mo. 181 ; Mechanic's Bank vs. Shaumburg, 38 Mo. 228 ; Sto. Agency, § 140.

*J. P. Ellis*, for Respondent, cited: Powell vs. Thomas, 7 Mo. 440, down to the present time ; Lewis vs. Harvey, 18 Mo. 74 ; Schneider vs. Schiffman, 20 Mo. 571 ; Seymour vs. Farrell, 51 Mo. 95 ; Western B. B. Ass'n vs. Wolff, 45 Mo. 105 ; Mammon vs. Hartman, 51 Mo. 108 ; Kuntz vs. Temple *et al.*, 48 Mo. 71 ; Cahn vs. Dutton, 60 Mo. 296 ; Hardin vs. Phelps, 51 Mo. 332 ; Emmerson vs. Sturgeon, 18 Mo. 170 ; Boland vs. Mo. R. R. Co., 36 Mo. 484 ; Callahan vs. Warne, 40 Mo. 131.

HOUGH, Judge, delivered the opinion of the court.

This was an action against the Memphis, Carthage and Northwestern Railroad Co., L. P. Cunningham, George P. Cunningham, T. Reagan and E. H. Brown, as makers of a promissory note for $6,005.00 dated March 14, 1873, and payable one year after date to the order of W. L. Burlingame.

There was a verdict and judgment for the plaintiff, from which L. P. Cunningham, George P. Cunningham and T. L. Reagan have appealed to this court.

The names of E. H. Brown and the appellants were not subscribed to the note, but were written on the back thereof before its delivery to the payee, and *below* their signatures was the following endorsements : " Pay to the order of F. W. Chaffee, W. L. Burlingame."

The appellants were *prima facie* liable as makers. (Powell vs. Thomas, 7. Mo. 440 ; Lewis vs. Harvey, 18 Mo. 74 ; Schneider vs. Schiffman, 20 Mo. 571 ; Western Benevolent Boatman Ass'n vs. Wolff, 44 Mo. 105; Kuntz vs. Temple, 48 Mo. 71 ; Seymour vs. Farrell, 51 Mo. 95 ; Mammon vs. Hartman, 51 Mo. 168 ; Cahn vs. Dutton, 60 Mo. 297.)

The plaintiff was the holder of said note for value before maturity. It was agreed between the payee, W. L. Burlingame, and the appellants, that the latter were not to be held liable on said note otherwise than as accommodation endorsers.

The plaintiff was not bound by this agreement unless he had notice thereof, before or at the time of the transfer of the note to him. (Schneider vs. Schiffman, 20 Mo. 571.) ·

For the purpose of proving at the trial that the plaintiff had notice of this agreement, when he purchased said note, certain testimony was offered by the appellants which was objected to by the plaintiff and was excluded by the court.

The plaintiff contends that the action of the trial court, in excluding the testimony, cannot be reviewed by this court, inasmuch as the grounds of his objection thereto do not appear in the record. This position is plainly untenable.

When a party objects to the introduction of testimony, and the court overrules such objection and admits the testimony, in order that the action of the court in overruling the objection may be reviewed in this court, it is generally necessary that the specific grounds of objection shall be stated in the record. But where testimony is excluded on a general objection, the party objecting cannot be heard to say that the ruling of the court cannot be reviewed because his objections were not specific. In such cases, if this court should be of opinion that rejected testimony was competent for any purpose, it will revise the action of the lower court.

It is evident, however, in the present case, that the testimony offered was rejected because in the judgment of the Common Pleas Court it did not conduce to show that the plaintiff had notice of the agreement between Burlingame and the appellants, when he purchased the note sued on ; for the court expressly declared, where evidence of the agreement was admitted, that such

evidence would be excluded by instruction, unless it was supplemented by testimony tending to show that the plaintiff had notice of such agreement.

The testimony offered by defendants to charge the plaintiff with notice, consisted of the original petition filed by plaintiff in the present action and the notary's certificate of protest.

Neither of these papers, in our opinion, tend, even in the remotest degree, to show that when plaintiff bought the note in suit he had any notice whatever that the appellants were to be held only as accommodation indorsers, or that he ever sought to hold them liable in any other capacity than that of makers.

The original petition charged that the defendants, the Memphis, Carthage and Northwestern Railroad Co., L. P. Cunningham, George P. Cunningham, T. Reagan and E. H. Brown, heretofore, to-wit: " on the 14th day of March, 1873, by their promissory note herewith filed, dated the day and year aforesaid, promised to pay one year after the date aforesaid, to the order of W. L. Burlingame, six thousand and five dollars ($6,005), with interest thereon at the rate of ten per centum per annum, from the date thereof, for value received, and deliver the same to said Burlingame."

The petition further alleges the endorsement of said note by Burlingame to the plaintiff; that payment was demanded of defendants, which was refused; that said note was thereupon protested for non-payment, and prayed judgment for the principal sum with interest, damages and costs.

There is nothing in all this to show that the plaintiff sought to charge the appellants as endorsers; on the contrary, he distinctly alleged that they were makers. Whether the plaintiff was entitled to all the relief asked was a question of law which could not affect the statement of facts. It appears from the notary's certificate that he demanded payment of the note in suit from the treasurer of the Memphis, Carthage & N. W. R. R., and the defendants, L. P. Cunningham, George P. Cunningham and T. Reagan, and afterwards gave them notice of their own refusal to pay. This equivocal act of the notary, who was the mere agent of a banking firm to which the note had been given by the plaintiff for col-

lection, without instructions, is wholly insufficient and inadmissible· to charge the plaintiff with notice of the agreement between the appellants and Burlingame.

We perceive no error in the ruling of the court excluding the testimony offered, and its judgment will therefore be affirmed. Judge Wagner absent. The other judges concur.