Cayuga County National Bank, Respondent, v. James L. Dunklin, Senior, Appellant.

**St. Louis Court of Appeals, February 28, 1888.**

1. Promissory Note—Joint Maker.—A person who, not being the payee, signs his name on the back of a promissory note before delivery, is held, *prima facie*, to be a joint maker, and not an endorser. He cannot defend as an endorser only, unless it appear that, at the time of his signing, it was understood between him and the payee that he was to be held as an endorser, and not as a maker, and, further, that the plaintiff had notice of such understanding, before and at the time of his acquisition of the note, before its maturity.

2. Practice—Variance.—A defendant, objecting that there is a variance between the plaintiff's allegations and his proofs, must proceed in the manner pointed out by Revised Statutes, section 3565 ; otherwise, his objection will not be entitled to consideration.

3. Corporation—Transfer by Authorized Agent.—Proof that the note in suit was transferred to the plaintiff by an agent duly authorized for that purpose by a former corporation holder, is sufficient to show title in the plaintiff, without proof of the corporate existence of such former holder.

APPEAL from the Jefferson Circuit Court, HON. JOHN L. THOMAS, Judge.

*Affirmed.*

Jos. J. WILLIAMS, for the appellant:    (1)  The court erred in admitting in evidence, at the instance of plaintiff, the words on the back of the note, "The E. M. Birdsall Co.,"  "E. B. Mosher, Secy."    Edwards on Bills and Promissory Notes (1 Ed.) 83.    (2) The court erred in permitting plaintiff to read in evidence the deposition of E. B. Mosher, to establish his authority to endorse the note for the E. M. Birdsall Company.  (3) The court erred in permitting plaintiff to read in evidence the words on the back of the note, purporting to be an endorsement by the Birdsall Company.    The petition alleges that the Birdsall Company was a corporation. That averment was put in issue by the answers; and there was no proof tending to establish the corporate existence of any such company.    (4) The court erred in refusing to permit defendant to prove that the engine and threshing machine were of no value for the purpose for which they were purchased.    *Bar v. Baker*, 9 Mo. 850.    The pretended endorsements, although improperly admitted in evidence, did not, as a matter of fact, establish a transfer of the note by endorsement from the E. M. Birdsall Company, or show an endorsement of it to plaintiff by any party connected with it.    (5) The court erred in the instruction, given the jury of its own motion, by precluding James L. Dunklin, Senior, from availing himself of the defence, that he signed as an endorser, without first proving that plaintiff took the note with notice of that fact.    *Patterson v. Cave*, 61 Mo. 439; *Hedges v. Seeley*, 9 Barb. 214.

W. H. H. THOMAS and THOS. B. CREWS, for the respondent:    James L. Dunklin, Sr., is a maker of the note in controversy.    *Lewis v. Harvey*, 18 Mo. 74;

*Chaffee v. Railroad*, 64 Mo. 193; *Semple v. Turner*, 65 Mo. 696. It was unnecessary for plaintiff to prove the corporate existence of the Birdsall Company. A blank endorsement of a promissory note by the payee is *prima-facie* evidence of an assignment for value, and may be so treated by any subsequent assignee. *Odell v. Presburg*, 13 Mo. 233; *Grill v. Laxen*, 7 Mo. App. 97; 1 Danl. Neg. Inst. (2 Ed.) 662, 663.

ROMBAUER, J., delivered the opinion of the court.

This is an action instituted upon a promissory note, in the following words :

" $351.26.              Pevely, Mo., November 10, 1883.

" On the tenth day of November, 1884, the subscribers, whose postoffice is Pevely, county of Jefferson, and state of Missouri, we promise to pay the E. M. Birdsall Company or order, three hundred and fifty-one and $\frac{26}{100}$ dollars, for value received with interest and exchange at eight per cent. per annum from date, payable at the Bank of Commerce in St. Louis, Missouri. We do hereby relinquish and waive the benefit of all laws exempting real and personal property from levy and sale.

"DUNKLIN BROS."

On the reverse of the note, placed there at the date of its delivery and prior to the signature of the payee, is the signature of James L. Dunklin, the appellant. This fact, under the decisions in this state, in the absence of extrinsic evidence, constituted him a joint maker (*Lewis v. Harvey*, 18 Mo. 74), and constituted him a joint maker regardless of any agreement between himself and the payee, as against any holder acquiring the note for value before maturity, without notice of such agreement. *Chaffee v. Railroad*, 64 Mo. 193.

The defendant was sued as a joint maker of the note. The petition stated that the E. M. Birdsall Company, a corporation and payee thereof, had endorsed and delivered it to the Birdsall Company, another corporation, and the latter had endorsed and delivered it to plaintiff for value before maturity.

The defendant's answer denied that he was a joint maker of the note, and averred that he was an accommodation endorser thereof; it also denied the endorsement of the E. M. Birdsall Company and the Birdsall Company as claimed by plaintiff, and denied the existence of the latter company.

The answer stated that no notice of presentment and dishonor was given to the defendant at the maturity of the note; that one of the makers was a minor when the note was given, and that the note was wholly unsupported by any consideration.

The affirmative defences were denied by reply. The trial of the cause before a jury resulted in a judgment for plaintiff, and the defendant appeals.

The affirmative defences in the answer become unimportant in view of the fact that the jury, under the instruction of the court hereinafter set out, found that plaintiff was an indorsee of the note for value before maturity, and without notice of any agreement constituting the defendant an endorser. This renders the defences of the maker's minority, of the defendant's liability as indorser only, and of a failure of consideration, foreign to any inquiries properly arising upon this appeal.

The defendant excepted to the court's rulings in the admission of evidence, and instructions to the jury, and assigns them as errors.

Upon the trial the plaintiff gave in evidence the note and its endorsement. The endorsements of the "E. M. Birdsall Co." and "The Birdsall Co." were by printed stamp, with the name, E. B. Mosher, Sec'y, written thereunder. The plaintiff proved by E. B. Mosher that he was the secretary of the E. M. Birdsall Company, and the Birdsall Company, which was successor of the former.

He stated, among other things, "prior and up to my endorsement of this note it was in my possession as such secretary. It was the usage and custom of this company (of both companies) to have me, as its secretary,

endorse and transfer its paper, in this manner, and I so endorsed most of its paper and notes held by it. I did this many thousand times to the knowledge of the directors and officers of this company. No limitation was ever placed upon this usage or custom, or my power or authority to so endorse. 'The Birdsall Co.' succeeded to all the rights and property of the 'E. M. Birdsall Co.'"

The defendant objected to the evidence, and also the indorsement, on the ground that the plaintiff claimed in its petition that the two endorsers were corporations, and there was no proof of their corporate existence, hence, there was a variance between the allegation and proof.

Even if an objection of that kind were otherwise tenable, it is not now before us for review, as the defendant failed to avail himself of the only method pointed out by the statute for preserving the exception, where a material variance between the allegation and proof is claimed. Rev. Stat., sec. 3565. But in this case the variance, if any, was wholly immaterial. The material inquiry was, not whether these successive holders were corporations, but whether E. M. Mosher, who made the endorsement in fact, was their authorized agent to make the transfer, and that fact was fully established by uncontradicted evidence. The exception of the defendant, therefore, so far as it rests upon the admission of illegal evidence against him is wholly untenable.

There being substantial evidence tending to show the plaintiff's title as an endorser for value before maturity of the note sued on, and the defendant having given some evidence in support of his affirmative defences, the court of its own motion instructed the jury as follows:

"The note sued on in this case is what is known as a negotiable promissory note, and the rights and liabilities of the parties are to be determined by reference to this fact. James L. Dunklin, Sr., having signed his

name on the back of the note, and he not being the payee therein, and the note not having been endorsed to him by the payee, the law raises the presumption that he signed it as a joint maker with the Dunklin Bros., and not as an endorser thereof, and in that case he is not entitled to notice that the note was presented to Dunklin Bros., at its maturity for payment, and that payment was not made. But this presumption, that he was a maker and not an endorser of the note, is only a *prima-facie* presumption, and may be rebutted by evidence. But before you can find that he signed the note as endorser and not as maker, you must first believe and find, from the evidence in the cause, that it was understood, both by James L. Dunklin, Sr., and the agent who acted for the E. M. Birdsall Company, that the former was to be held as endorser and not as maker; now, if you believe and find, from the evidence in the cause, that the E. M. Birdsall Company sold, endorsed, and delivered the note in controversy to the Birdsall Company, and the latter sold, endorsed, and delivered it to the plaintiff, and that the said James L. Dunklin, Sr., is joint maker of said note with the Dunklin Bros., then you will find the issues for plaintiff as against James L. Dunklin, Sr. And if you believe and find, from the evidence in the cause, that James L. Dunklin, Sr., signed his name on the back of the note, as an endorser, and not as a joint maker thereof, and that this was so understood by James L. Dunklin, Sr., and the agent who acted for the E. M. Birdsall Company, at the time the note was given, and that the note was, before its maturity, endorsed and delivered, for value received, by the E. M. Birdsall Company to the Birdsall Company, and by the latter sold, endorsed, and delivered, before maturity, for value received, to the plaintiff, then your verdict must be for the plaintiff as to James L. Dunklin, Senior, unless you should further find from the evidence that the plaintiff had notice at the time it received the note that said James L. Dunklin, Sr., had so signed it as endorser and not as maker; but if you

find this latter fact from the evidence, then you should find the issues for James L. Dunklin, Senior. But before you can so find for James L. Dunklin, Senior, you must find from the evidence that the plaintiff, through its agent, had notice of the fact that he signed the note as endorser and not as maker, before or at the time it received and paid for the note, and any such notice coming to the bank or any of its officers for the first time after the note had been received and paid for by the bank, will not affect the bank as an innocent holder thereof for value. As to James L. Dunklin, Junior, the court instructs you, that if you find from the evidence that at the time the note was given he was a male under twenty-one years of age, you will find the issues for him. If you find the issues for plaintiff as to either defendant, you will return in your verdict the amount of the note, with interest thereon to date at the rate of eight per cent. per annum.''

This instruction, under the pleadings and evidence, placed the case fairly before the jury, and was fully as favorable to defendant as he had any right to demand.

It results that the judgment must be affirmed. All the judges concurring, it is so ordered.