B. G. DYSART, Appellant, v. MILTON FORSYTHE et al., Respondents.

St. Louis Court of Appeals, April 10, 1900.

1. **Evidence:** OBJECTIONS TO INCOMPETENT EVIDENCE: PRACTICE, TRIAL. It is a well-settled rule of practice that where a general objection is made to testimony as a whole, a part of which is competent and a part incompetent, the objection should be overruled.

Dysart v. Forsythe.

2. **Motion for a New Trial: PRACTICE, TRIAL: PRACTICE, AP-PELLATE.** The office of a motion for a new trial is to call the attention of the trial court to the errors which intervened in the progress of the trial, and not to set out or preserve the evidence of what transpired at the trial.

Appeal from the Monroe Circuit Court.—*Hon. Reuben F. Roy,* Judge.

AFFIRMED.

*J. H. Whitecotton, R. N. Bodine,* for appellant.

(1) The admission of the testimony of J. W. Austin as to the $70 receipt given by J. W. Austin to J. D. Evans was improper and irrelevant and should not have been admitted by the court over the objection of appellant, as it was clearly a self-serving declaration (see pages 17, 33 and 34 of record and brief), and clearly error, and prejudicial to the appellant. State v. Sutton, 64 Mo. 107; McLean v. Rutherford, 8 Mo. 109; Am. & Eng. Ency. Book 7, 65. (2) The court having instructed the jury and the cause having been argued and submitted to the jury, the court, over the objection of appellant, sent to the jury room of the jury, where they were considering of their verdict, the pleadings, and exhibits A, B, C, D, E and F, being the notes and receipts read in evidence as shown on pages 32, 33 and 34 of the record, which was manifest error, as exhibits D and C were both incompetent and irrelevant, and having been admitted over the objection of appellant would clearly be reversible error in this case, as it put this testimony upon the same footing of the other written testimony which was clearly incompetent. Bluedorn v. Railroad, 121 Mo. 253; Foster v. McO'Blenis, 18 Mo. 38. (3) This being in the nature of a communication by the judge to the jury after the case had been submitted to the latter, and not in open court, is ground for a

new trial, being prejudicial error.    State v. Alexander, 66
Mo. 148; Welsh v. Railroad, 58 Mo. App. 528.

*James P. Boyd, Geo. W. Whitecotton* for respondent.

(1)    As to the first point made by appellant—the ad-
missibility of the testimony of J. W. Austin as to the $70
receipt given by Austin to Evans—the abstract filed by appel-
lant does not show that the objection made by plaintiff was
passed upon by the court, nor does it show that the receipt
complained of was offered in evidence.    The attention of the
witness, Austin, was called to it to refresh his memory as to
the date he paid plaintiff the $70, and was not objectionable
because it was not prejudicial in any way to plaintiff.    The
receipt itself was not evidence of the payment, but taken in
connection with the positive evidence of Austin was admiss-
ible for the purpose of fixing the date of such payment.    It
was not hearsay, but the payment of the $70 being in issue,
an examination of that receipt in connection with the evidence
of the witness, Austin, would tend to confirm the making
of such payment.    Tulkenson v. Long, 63 Mo. App. 272;
Anchor Milling Co. v. Walsh, 108 Mo. App. 277; Rose v.
Rubeling, 24 Mo. App. 369.    (2)    The practice in this state
is uniform that where an objection is made to documentary
evidence, it must particularly point out the defect complained
of, or it will be disregarded.    Adler v. Lange, 21 Mo. App.
519; Bates v. Scheik, 47 Mo. App. 642.    Again, the rule has
been long and well settled in this state by an unbroken line
of decisions, that an objection to evidence on the ground that
it is immaterial, irrelevant, incompetent, improper or illegal,
is so general that nothing is saved which can be made the
subject of review by the revisory court.    Objections to evi-
dence, to be available in the appellate court, must be specific.

BLAND, P. J.—The suit is on the following promissory note:

"$500.00                                November 27, 1877.

"On or before the first day of April, 1878, we or either of us promise to pay to the order of B. G. Dysart for value received the sum of Five Hundred Dollars with interest at the rate of ten per cent per annum, and if the interest be not paid annually is to become as principal and bear the same rate of interest.

"Geo. W. Webb,
"J. D. Evans,
"Milton Forsythe,
"J. W. Austin,
"J. C. Kipper,
"J. M. Furnish."

The petition admitted the following credits, to wit, April 23, 1883, $115; February 20, 1882, $300; April 24, 1883, $13.30; November 6, 1883, $100; January 31, 1888, $152.80, total, $681.10, leaving a balance due as alleged by the petition on January 31, 1897, of $1,874.30.

The answer was a plea of payment in full. The makers of the note were the directors of a voluntary grange association that conducted a grange store in Monroe county, and borrowed the money of plaintiff for the benefit of the store. The business of collecting moneys due the store and paying them out was at successive periods delegated to J. W. Austin, J. M. Furnish and J. D. Evans, all of whom it seems made payments on the note sued on from time to time. The defendant claimed that the payment of $300 credited on the note as of February 20, 1882, was made November 14, 1891; also that on or about December 13, 1881, a payment of $70 was made on the note by J. D. Evans, the then collecting agent of the store, through Austin, and that on April 19, 1882, a further

Vol. 84 app—13

payment of $208.50 was made by the check of Evans made payable to plaintiff. It is admitted that if these payments were made at the dates claimed by defendant, the note was overpaid by about $24. The payment of the $300 was made by the check of Austin, which is dated November 14, 1881, and there is no dispute as to this fact that this payment was made November 14, 1881. Austin testified that on December 13, 1881, Evans handed him $70 to pay plaintiff on the note, and that in two or three days thereafter he handed the money to plaintiff as a payment on the note. Defendant denies that this payment was made. Austin gave Evans a receipt for this $70, which was read in evidence, and reads as follows:

"$70.00                         December 13, 1881.

Received of J. D. Evans Seventy Dollars, to be applied on Dysart Grange note.

    (Signed).                         J. W. Austin."

Evans was dead at the date of the trial. Among his papers was found the following check, which was introduced and read in evidence, to wit:

"$208.50                 Paris, Mo., April 19, 1892.

The National Bank of Paris, pay to Dr. B. G. Dysart or bearer, Two Hundred and Eight and 50-100 Dollars.

    (Signed).                         J. D. Evans."

Plaintiff admitted that he received this check and collected it, but he claimed that Evans owed him money on an individual note of $250, and that he thought the check was applied in payment of this individual note, but was unable to state with any certainty or definiteness whether it was paid to be so applied or to be applied on the note in suit, or on which note it was applied. His evidence shows that though a man of means and the president of a bank, he was extremely lax and careless and incorrect in keeping account and giving credits of payments made to him on the note. At the close of

all the evidence the plaintiff moved the court to instruct the jury to find for the plaintiff. This was denied. The court gave appropriate instructions for the defendant and refused an instruction prayed for by plaintiff directing the jury to exclude from their consideration the check for $208.50. There was a verdict and judgment for defendant, from which plaintiff appealed.

I. The refusal of the court to instruct to find the issues for plaintiff is assigned as error by appellant. Austin swore he paid $70 on this note, for which no credit was given. The check of $208.50 was made by Evans when he was acting as the collecting and paying agent of the grange. Plaintiff admitted that he got the money the check called for, but he was unable to state where he applied the credit or to what note he was directed to apply it. It was his business to know these things and to give a satisfactory and straightforward account of this money; he did not do so; he evaded this duty by failing to remember those things that men ordinarily remember in like circumstances, and it was doing him no wrong to submit to the jury under all the evidence to find whether or not the payment of $208.50 should be credited on the note sued on.

II. The admission of this check and the receipt for $70 of Austin to Evans as evidence is assigned as error. These two papers were offered and read in evidence as exhibits along with the $300 check and one or two others. The objection made was to all these exhibits in a lump and the objection was the general one of incompetency and irrelevancy. It is a well-settled rule of practice that where a general objection is made to testimony as a whole, a part of which is competent and a part incompetent, the objection should be overruled. The check was admissible as tending to prove payment. As Austin was unable to fix the day of the payment he claimed to have made from memory, and testified that he gave the

receipt, the latter was competent for the purpose of fixing that date, and hence could not have been properly excluded. Chaffe v. Railway, 64 Mo. 193. The appellant should have moved the court to restrict its probative efficacy to proof of the date of the payment. Garesche v. St. Vincent's College, 76 Mo. 332. Having failed to do this he is in no condition to complain, that it went to the jury without restrictions or limitations.

III. Appellant assigns as error that the court sent the exhibits and pleadings to the jury after the jury retired to consider of their verdict. The motion for new trial also sets this fact out as one of the grounds for a new trial. The difficulty that confronts appellant on this assignment is, that the bill of exceptions fails to show that the court sent the pleadings and exhibits to the jury room, or that the jury took them with them when they retired. The office of a motion for a new trial is to call the attention of the trial court to the errors which intervened in the progress of the trial, and not to set out or preserve the evidence of what transpired at the trial. The latter is the office of the bill of exceptions, and to the record proper only appellate courts must look to ascertain what rulings were made and what actions were taken on the trial.

Discovering no reversible error in the record, the judgment is affirmed. Judge *Bond* concurs; Judge *Biggs* absent.